# CHARLESTON.

## CARRICO v. W. VA. CENT. & PA. R'Y. CO.

Submitted June 16, 1891.—Decided November 28, 1891.

1. DAMAGES—DECLARATION.

    In his declaration against a corporation for injury as the result of negligence, the plaintiff need not aver that he was not guilty of contributory negligence, that being a matter of defence to be alleged or proved, if it exist, by the defendant.

2. EXCLUSION OF EVIDENCE.

    After the defendant has given in his own evidence, a motion to strike out all the evidence, on the ground that it is insufficient to sustain the issue on the part of the plaintiff, should not be granted.

3. EXCLUSION OF EVIDENCE.

    A motion by the defendant to exclude the plaintiff's evidence, upon the ground that it is not sufficient to warrant a verdict in

| | |
|---|---|
| 35 | 389 |
| 36 | 97 |
| 36 | 301 |
| 35 | 389 |
| 37 | 533 |
| 35 | 389 |
| 38 | 31 |
| 38 | 320 |
| 38 | 464 |
| 38 | 535 |
| 38 | 557 |
| 38 | 662 |
| 35 | 389 |
| 39 | 89 |
| 39 | 373 |
| 39 | 388 |
| 39 | 746 |
| 35 | 389 |
| 42 | 199 |
| 42 | 200 |
| 35 | 389 |
| 43 | 670 |
| 43 | 803 |
| 35 | 389 |
| 44 | 511 |
| 35 | 389 |
| f47 | 429 |
| 35 | 389 |
| f48 | 239 |
| 48 | 610 |
| 48 | 611 |
| 48 | 616 |
| 48 | 617 |
| 35 | 389 |
| f49 | 299 |
| 49 | 308 |
| 35 | 389 |
| 54 | 570 |
| 54 | 572 |
| 35 | 389 |
| e57 | 51 |

his favor, will not be granted, if there be any evidence which tends in any degree, however slight, to prove the plaintifl's case. If it tend to prove the plaintiff's case in any degree whatever, the case can not be withdrawn from the jury. The motion can never prevail or be sustained merely because the court may think the weight of evidence is against the plaintiff.

4. DAMAGES—NEGLIGENCE.

In cases where the common experience of mankind, and the common *consensus* of prudent persons, have recognized that to do or omit to do certain acts is prolific of danger, we may call the doing or omission of them "negligence *per se*" or "legal negligence." The omission of a duty enjoined by law for the protection and safety of the public by a common carrier, or the doing of an act by such a carrier, which, by the common experience and *consensus* of prudent persons, would create danger to passengers, is legal negligence.

5. DAMAGES—CONTRIBUTORY NEGLIGENCE.

It is legal negligence for a passenger to ride in a fast-going passenger coach, with his arm protruding out of the window, and beyond the line of the body of the car.

6. DAMAGES—RAILROAD COMPANIES—CONTRIBUTORY NEGLIGENCE —BURDEN OF PROOF.

It is the absolute duty of a railroad company to keep its track free from dangerous obstructions of every sort, and, when a passenger is injured by reason of any such obstruction along the line of its road, the burden devolves upon it to prove that the accident was the result of the plaintiff's own negligence, or that the most thorough and perfect diligence could not have foreseen and prevented the injury. Neither can the company relieve itself from liability in regard to the condition and construction of its road by undertaking to confide these duties which it owes to passengers to other hands, no matter what precaution it may have taken in selecting such agencies.

7. DAMAGES—CONTRIBUTORY NEGLIGENCE.

The general rule in regard to contributory negligence is that if the negligence be mutual on the part of plaintiff and defendant there can not be a recovery. But if the injury would have happened just the same, although the plaintiff had been in no wise negligent, his negligence will not prevent his recovery ; or if the defendant, after he has discovered the dangerous exposure, refuses or neglects to practice any care or precaution to prevent the injury, he will be held liable.

8. DAMAGES—NEGLIGENCE—BURDEN OF PROOF.

When a party is confessedly guilty of legal negligence, or when it is so proved by the evidence, the burden devolves upon him to bring himself within some recognized exception to the legal presumption.

9. DAMAGES—TRESPASSES—RAILROAD COMPANIES—CONTRIBUTORY NEGLIGENCE.

As between the company and a trespasser or stranger, contributory negligence on the part of the plaintiff renders the defendant liable only for gross or wanton or willful neglect, where otherwise he would be held liable for ordinary negligence. While this is the general principle, it is necessary to observe that in the transportation of its passengers a railroad company is bound to exercise more than ordinary care and dilligence, and is liable for the slightest negligence against which prudence and foresight could have guarded, and is held to the utmost care in the removal of obstructions, repair of bridges and switches, and all other matters properly pertaining to the condition and safety of its track. Consequently the degree of care exacted from the company for a passenger is greater than that to be exercised in respect to a stranger or trespasser. Hence there are cases where contributory negligence on the part of a stranger or trespasser would entirely defeat a recovery, unless gross or wanton negligence were brought home to the defendant, but, had such person stood in the relation of a passenger, his contributory negligence would relieve the company of the duty to exercise that extreme care ordinarily exacted, but would still leave it liable for the failure to use ordinary precautions for the safety of such passenger after his danger had been discovered, or brought to its notice, if by its use the injury could have been avoided.

10. DAMAGES—CONTRIBUTORY NEGLIGENCE.

To rest the arm upon the window-sill of a car, provided it does not protrude, is not negligence *per se;* but if it does protrude, the act becomes negligent, in the contemplation of law.

11. INSTRUCTIONS.

Where an instruction is ambiguous and equivocal, and would not readily be comprehended by the average juryman, the court should not refuse to grant it, if by so doing the jury might be misled; but, if it be correct upon one construction of it, the court should properly modify it so as to remove the ambiguity, and make it clearly intelligible to the jury, and, after such modification, grant it; or the court should grant it, with an explanation giving it the meaning which will make it proper.

*C. W. Daily* and *L. D. Strader* for plaintiff in error, cited 78 Va. 645; 89 Md. 329; 56 Pa. St. 294; 7 Allen 207; 12 N. Y. 236; R'y. & Corp. L. Jour. Mch. 15, 1890, p. 214; Id. Nov. 1890, p. 434; 29 Ind. 82; Beach Cont. Neg. 164, 166, 167; Bish. Non. Con. Law § 1207; 2 Wood R'y. Law 1107, 1108; 2 Red. Am. R'y Cas. 552 & n.

*A. B. Parsons* for defendant in error, cited 8 W. Va. 568; 25 W. Va.; 692; 28 W. Va. 333; 30 W. Va. 228; Id. 27; 6

W. Va. 508; 8 W. Va. 515; 18 W. Va. 229; Id. 579; 20 W. Va. 46; 26 W. Va. 345; Id. 458; Id. 455; 12 W. Va. 116; 21 W. Va. 709; 33 W. Va. 229; 27 W. Va. 145; 25 W. Va. 571; 24 W. Va. 37; 17 W. Va. 190; 32 W. Va. 370; 51 Ill. 333; 2 Am. Rep. 306; 52 Mo. 253; 14 Am. Rep. 418, 423 (n.); 12 S. E. Rep. 699; 19 W. Va. 350; Deer. Neg. § 424; 18 Ill. 418; 64 Barb. 439; 51 Ga. 582; 2 Am. & Eng. R'y. Cas. 70; 5 Am. & Eng. R'y. Cas. 264; 76 N. Y. 594; 102 N. Y. 280; 9 W. Va. 270; Id. 252; Red. Am. R'y Cas. 255; 74 N. C. 655; 51 Miss. 234; 52 Mo 434; 28 O. St. 340; 37 Cal. 409; 45 Md. 486; 1 Abb. N. Y. App. 432; Boone Corp. § 262; 51 Ill. 333; 82 Ill. 198; 25 Am. Rep. 308; 70 Ill. 276; 79 Ill. 137; 6 Heisk. 347; 12 Kan. 328; 26 Ind. 76; Beach R'ys 972; 85 Ky. 307; 7 Am. St. Rep. 600; Beach R'ys (Pony Series) § 977; 116 Ill. 254; L. S. R'd Co. *v.* Brown 123 Ill.; 15 Ill. 268; 17 Ill. App. 355; 11 W. Va. 14.

*B. B. Dovener* and *J. J. Coniff* for defendant in error, cited, Aug. Carr. (2d. Ed.) §§ 491, 524; 3 Bro. & Bing. 54; 9 N. E. Rep. 476; 64 Pa. St. 225; 18 N. Y. 408; 15 Gratt. 237, 243; 17 Wis. 503; 51 Ill. 333; 39 Mo. 468; 21 Pa. St. 203; Whar. Neg. (2d. Ed.) 362; 25 W. Va. 570; 17 W. Va. 190; 12 N. Y. 236; 28 W. Va. 732; 9 W. Va. 270; 26 W. Va. 455; 15 Gratt. 230; 108 U. S. 288.

LUCAS, PRESIDENT:

This was an action on the case brought by the plaintiff to recover damages for personal injury received on the defendant's railway train in the county of Tucker, on or about the 22d day of July, 1889. The defendant appeared to the action, and demurred to the declaration, and to each count, but the demurrer was overruled. After the evidence was all in, the defendant moved to exclude the whole evidence, which motion was likewise overruled. Defendant asked certain instructions, which were refused, and it also objected to certain instructions which were given at the prayer of the plaintiff, and to such action of the court the defendant reserved exceptions. Finally, after trial and verdict in favor of the plaintiff for the sum of eight thousand, five hundred dollars and costs, the defendant moved

the court to set aside the verdict and award a new trial, which motion the court refused, and the defendant again excepted.

The first assignment of error is upon the demurrer to the declaration. The declaration contains three counts, which differ only in the description of the injury sustained, which, as it seems, consisted in crushing the plaintiff's arm in such manner as to render amputation necessary at the socket of the shoulder. In the case of *Dun* v. *Railroad Co.*, 78 Va. 645, it seems to have been held error to overrule a demurrer to a similar declaration, which stated, however, that the injured arm was "resting in the open window of the car, and protruding a slight distance, to wit, the distance of two inches, out of said window." Without criticising the opinion of the court in that case, we may say there was no such defect in the declaration in the case we are now considering. It is well settled in this State that the plaintiff need not in his declaration aver that he was not guilty of contributory negligence; that being a matter of defence to be alleged and proved, if it exist, by the defendant. *Washington* v. *Railroad Co.*, 17 W. Va. 190; *Johnson* v. *Railroad Co.*, 25 W. Va. 571; *Sheff* v. *Huntington*, 16 W. Va. 307; *Berns* v. *Gaston Gas Coal Co.*, 27 W. Va. 285, pt. 2 Syll. There was no error, therefore, in overruling the demurrer to the declaration.

The next assignment is that the court erred in not sustaining the motion to exclude the whole evidence. It appears from the record that this motion was submitted after all the evidence had been introduced, both for the plaintiff and defendant, and that it was based, not on any ground of incompetency or variance, "but because insufficient to sustain the issue on the part of plaintiff." We do not think that such a motion can be sustained, after the defendant has introduced his own evidence.

In the case of *Wandling* v. *Straw*, it is said, in the sixth point of the syllabus: "Where all the evidence introduced by the plaintiff on the trial of his action is clearly insufficient to sustain a verdict in his favor, should such verdict be rendered, it is error in the court to overrule the defendant's motion to exclude such evidence from the jury, if

made before any evidence be offered for the defendant." 25 W. Va. 692.

Also in the following cases decided by this Court the motion was to exclude the plaintiff's evidence, viz: *Johnson* v. *Railroad Co.*, 25 W. Va. 571; *James* v. *Adams*, 16 W. Va. 245; *Dresser* v. *Transportation Co.*, 8 W. Va. 559; *Smith* v. *County Court*, 33 W. Va. 717 (11 S. E. Rep. 1); *Bon Aqua Imp. Co.* v. *Standard Fire Ins. Co.*, 34 W. Va. 766 (12 S. E. Rep. 771.)

I have not been able to find any case in which the defendant was permitted to exclude his own evidence from the consideration of the jury, as was asked to be done in this case; nor have I been able to find any case in our court where the motion was sustained to exclude the plaintiff's evidence, after the defendant had taken chances by offering his own. If there be any such case I would say that it is contrary to the earlier decisions of this Court, and was sustained through inadvertence. The rule of practice in the courts of this State does not, and ought not to allow a motion on the part of the defendant to exclude all of the evidence to be entertained after the defendant has given in all of his own evidence to sustain his defence.

Independently of this objection the motion should have been overruled, upon the ground that there was evidence tending to support the plaintiff's case as stated in his declaration. In the last opinion which this Court has rendered, before the present term, in reference to a motion to exclude evidence, it is said: "I do not now propose to consider the practice of motions to exclude evidence from the jury further than what may relate to one point involved in this case. Incompetent evidence is often excluded. A document permitted to be read, with a promise to prove its execution, which is not done, may be then excluded; and so in other cases. But our courts can not compel the plaintiff to suffer nonsuit, although the result is not final. He has a right to have his case go to the jury. But the court can instruct the jury that unless they believe from the evidence certain facts, there being as to one or more of them no evidence or no proper evidence, then they shall find for defendant. So in a proper case the court may

virtually instruct the jury if they, from the evidence, believe *etc.*, then to find for the plaintiff or defendant, as the case may be. But I do not understand the law to be that a motion to exclude or to strike out can, at the option of the party, be made in all cases to take the place of a demurrer to evidence. If it can, it puts it in the power of the party making the motion to get the benefit without the risk of a demurrer to evidence, and leads to the multiplication of trials at law, and to indefinite protraction of the litigation." *Bon Aqua Imp. Co.* v. *Standard Fire Ins. Co.*, 34 W. Va. 766 (12 S. E. Rep. 771.)

I believe the first leading case in which this Court had occasion to review the action of the Circuit Court upon a motion to exclude the plaintiff's evidence was the case of *Dresser* v. *Transportation Co.*, 8 W. Va. 553. I have been unable to find any case in the Reports of the State of Virginia which would be authority for this Court. I am constrained to believe that the practice was an importation from other states, which has been ingrafted upon our own proceedure in a manner not entirely in accordance with the spirit of our former decisions. Looking to the manner in which this practice has been abused in some of the Circuit Courts of the State, I can not refrain from expressing a regret that when it first made its appearance in this Court it was not met by the declaration which was made in the Supreme Court of Missouri, as follows: "There is no law in this State authorizing the Court at the close of plaintiff's case to strike out his testimony on the ground that the same is insufficient to make out a case for plaintiff." *McFarland* v. *Bellows*, 49 Mo. 311. Unfortunately, however, the practice is now too firmly established by cases of binding authority to be shaken, and all that we can do is to define its legitimate limits, and restrain its exercise by such accurate and proper definition.

In the *first* place, where all of the plaintiff's evidence is incompetent, as was the case in *Wandling* v. *Straw*, 25 W. Va. 692, it may be excluded on motion of the defendant made before he has given in his own evidence. In that case the plaintiff's evidence was an attempt by parol to contradict a record, and it was therefore plainly improper.

*Secondly*, if the evidence of the plaintiff is incompetent by reason of its tendency to prove a case fatally at variance with the allegations of the declaration, it should be excluded. Thus, in the leading case of *Dresser* v. *Transportation Co.*, although the syllabus of the case has set the unfortunate example of introducing this motion to exclude evidence for insufficiency, the motion, as will be perceived from the opinion of the Court, was in reality based " upon the ground of a material variance" between the plaintiff's evidence and his declaration. The plaintiff has declared in *assumpsit* upon an alleged contract of sale, without any special count, and the Court found the evidence was entirely incompetent on the ground of variance and total irrelevancy. Again, in *James* v. *Adams*, the motion was based upon the same ground, viz.: " because the contract proven is variant from that alleged in the declaration ; " and this Court held that the motion should have been sustained upon the ground stated. 16 W. Va. 245, 250, 263.

*Thirdly*, the motion may be entertained (if made at the proper time) when based upon the insufficiency of the plaintiff's evidence, with the qualification, however, that such evidence must not tend in any degree, however slight, to prove the plaintiff's case. If it tend to prove the plaintiff's case in any degree whatever, the case can not be withdrawn from the jury. The motion can never prevail or be sustained because the court may think the weight of evidence is against the plaintiff.

It is within these limits that this Court has confined this motion, as I shall now proceed to show, nor are we inclined to extend them in the slightest degree, or to relax the strictness of the rule. In the leading case of *Dresser* v. *Transportation Co.*, the evidence, as we have seen, was incompetent, but it was also insufficient, and, in delivering the opinion, it is said, on page 559: "The evidence does not tend to support either of the common counts. It does not show, or tend to show, a sale of the oil to the defendant by the plaintiff, but the contrary."

In the case of *James* v. *Adams*, 16 W. Va. 260, Judge GREEN, in delivering the opinion, says : "The Circuit Court did not err in refusing on the defendant's motion to exclude

from the jury all the testimony of the witnesses to prove, or tending to prove, the market value of the stock of good in the declaration mentioned" *etc.*

Again, in *Franklin* v. *Geho*, it is said by Judge GREEN, in delivering the opinion, that, on a motion to exclude the plaintiff's evidence, it should be "most benignly interpreted in favor of the plaintiff." 30 W. Va. 27 (3 S. E. Rep. 168.) In the case of *Gerity's Adm'x* v. *Haley*, 29 W. Va., on page 101 (11 S. E. Rep. 902) Judge GREEN uses the same language.

In the case of *Meyer* v. *Marshall*, 34 W. Va. 47 (11 S. E. Rep. 731), in delivering the opinion of the court, SNYDER, P., says: "In all cases where there is a controversy as to whether or not a full settlement has been made by the parties, the question whether or not a settlement was in fact made is one for the jury and not for the court. It follows, therefore, that the court did not err in refusing to strike out the plaintiff's evidence relating to the items embraced in the alleged settlement; and it also follows, as a further and necessary consequence, that the court did not err in refusing to strike out all of the plaintiff's evidence." This last case establishes the principle that where the plaintiff's claim is divisible, and any of his evidence tends to prove any portion of his claim which is properly the subject of proof, the whole of his evidence can not .be stricken out, though such portions may be excluded as relate to improper items, and are therefore incompetent.

Tested, therefore, by the rules of practice and principles established by our own Court, it is quite manifest that there was no error in the refusal of the Circuit Court to strike out all the evidence.

The third assignment is the error of the court as alleged in refusing to give instructions Nos. 2 and 3 as asked by the defendant.

Before proceeding to consider the question, it may be well to collate a few general principles, as they are to be deduced from the decisions of our own Court. Negligence is generally a mixed question of law and fact. No doubt can be entertained that this Court recognizes the principle that there is such a thing as negligence *per se* or legal neg-

ligence, just as there is such a thing as legal fraud. In cases where the common experience of mankind and the common *consensus* of prudent persons have recognized that to do or omit to do certain acts is prolific of danger, we may call the doing or omission of them legal negligence. The omission of a duty enjoined by law for the protection and safety of the public by a common carrier, or the doing of an act by such a carrier which by common experience and *consensus* of mankind would create danger to passengers, is legal negligence. To give an illustration of legal negligence, I think we should have no difficulty in deciding that for a passenger to ride in a fast-going passenger-coach, with his arm protruding beyond the window of a car, is negligence in law ; so, on the other hand, for a railroad company to pile stones in such dangerous proximity to its track as to forbid the passage of a flying passenger-car without striking or abraiding a coach or coaches is negligence in law.

In regard to contributory negligence, the law is well settled in this State. The general rule is that, if the negligence is mutual, there can be no recovery. But to this rule there are well-defined exceptions.

*First.* If the injury would have happened just the same, although the plaintiff had been in nowise negligent, his negligence will not prevent his recovery. For example, although it is negligence in a passenger to ride with his arm or elbow protruding from a window, yet if the injury would have occurred had his arm not protruded, then he is not precluded from a recovery. 2 Wood, R'y Law, 1257.

*Secondly.* If the defendant in a suit of this sort, after he has discovered the dangerous exposure of the plaintiff, refuses or neglects to observe any care or precaution to prevent injury, he will be held liable. *Washington* v. *Railroad Co.*, 17 W. Va. 190 ; *Johnson* v. *Railroad Co.*, 25 W. Va. 571 ; *Sheff* v. *Huntington*, 16 W. Va. 307.

It is scarcely necessary to add that when a party is confessedly guilty of what would be called "legal negligence," or when it is so proven by the evidence, the burden devolves upon him to bring himself within some recognized exception to the legal presumption, if he would escape lia-

bility. Thus, if a plaintiff injured on a train of cars confesses or is proved to have been riding, when the injury occurred, with his arm or other injured member protruding from the window, the burden devolves upon him to show that the injury would have been inflicted had no portion of his body been exposed, or that the defendant, after knowing or being informed of his danger, did not take ordinary care or precaution to prevent the injury. *Davies* v. *Mann,* 10 Mees. & W. 546.

Upon the other hand, it is the absolute duty of a railroad company to keep its track free from dangerous obstructions of every sort; and, when a passenger is injured by reason of any such obstruction upon its road, the burden devolves upon it to prove that the accident was the result of the plaintiff's own negligence, or that the most thorough and conscientious diligence could not have foreseen and prevented the injury. Neither can the company relieve itself from responsibility in regard to the condition and construction of its road, by undertaking to confide these duties to other hands, no matter what precaution it may have taken in selecting such agencies. *Railroad Co.* v. *Sanger,* 15 Gratt. 230, and *Searles* v. *Railroad Co.,* 32 W. Va. 370 (9 S. E. Rep. 248.)

I will now proceed to cite additional authorities which sustain the law in all essential particulars as I have already laid it down: 2 Wood, Ry. Law, 1178, 1199, with notes; Ror. R. R. 1066, with notes; *Riley* v. *Railroad Co.,* 27 W. Va., 145; *Cooper* v. *Railroad Co.,* 24 W. Va. 37; *Nuzum* v. *Railroad Co.,* 30 W. Va. 228 (4 S. E. Rep. 242); *Railroad Co.* v. *Wightman,* 29 Gratt. 431; *Hardy* v. *Railroad Co.,* 74 N. C. 734.

We come now to consider the instructions, or such of them as have been embodied in the records as containing error, as follows:

Plaintiff's instructions: "No. 4. The court instructs the jury that if they believe from the evidence that the plaintiff was injured by being struck by a stone standing in dangerous proximity to the defendant's railroad track, and that the position of said stone was known to the defendant or the agent of said defendant, or might have been known

to them by the use or ordinary care and diligence, and there was such negligence of said agents of said defendant in failing to remove such stone, or in failing to use care and diligence in ascertaining whether said stone was in dangerous proximity, such negligence of said agents was the negligence of the defendant."

"No. 7. If the jury believe from the evidence that the defendant company, while using its track for the carriage of passengers engaged in a work to be done on its road, and in the immediate proximity to the track, negligence in the performance of which would, in the estimation and opinion of a reasonably cautious person, involve the hazard of obstructions to the passage of the cars, and an accident to a passenger is caused by an obstruction arising from negligence in the performance of the work, it is no defence to show merely that they had placed the work in the hands of a contractor, and that the obstruction was caused by the carelessness of one of his employes."

"No. 8. The court instructs the jury that if they believe from the evidence that the agents or servants of the defendant in charge of the passenger train on which the plaintiff was being conveyed were in a position to see said pile of stone, or might have seen said stone and its dangerous proximity to the railroad track of the defendant by the use of ordinary care, and could thereby have prevented the injury to the plaintiff by stopping said train, and failed to do so, then the negligence of said servants is the negligence of the defendant, and the plaintiff can recover; and the court instructs the jury, further, that it is immaterial whether the said servants did see said stone; it was their duty to do so."

"No. 10. Though the plaintiff may have been guilty of negligence, and although that negligence may have contributed to the injury, yet if the defendant could, by the exercise of ordinary care and diligence, have avoided the injury, the plaintiff's negligence will not excuse or relieve the defendant from liability."

"No. 11. The jury are instructed that if they believe from the evidence that the plaintiff's arm was resting on the sill of the window-sill of the passenger-car window by

the plaintiff was not necessarily contributory negligence on his part."

"No. 12. The jury are instructed that when the negligence of one who inflicts an injury is subsequent to and independent of the carelessness of the persons injured, and if ordinary care on the part of the one whose negligence caused the injury could have discovered the carelessness of the person injured in time to have avoided the injury, there is no contributory negligence, because the fault of the injured party becomes remote in the chain of causation. The proximate cause of an injury is the active and efficient cause, and not the mere condition or occasion of it."

*Defendant's instructions:* "No. 2. The court further instructs the jury that, even if the evidence does show that the defendant was negligent in allowing the stone spoken of in evidence to be piled in dangerous proximity to its track, or in not discovering and removing them, yet, the plaintiff can not recover if the jury further believe that the plaintiff contributed directly to the injury complained of by allowing his arm, or part of it, to protrude beyond the outer surface of the car."

"No. 3. The court instructs the jury, further, that if they believe from the evidence that the plaintiff allowed his arm to protrude beyond the outer surface of the car in which he was riding, and that but for such action on his part the injury to him would not have occurred, then he was guilty of contributory negligence, and the jury should find for the defendant, although they may believe the defendant was guilty of negligence in allowing the stones piled where they were."

First, as to those of the plaintiff, Nos. 4, 7, and 11 seem to be free from objection, and it was not error to give them to the jury. No. 8, on the other hand, is erroneous in two respects. It attributes, as legal negligence on the part of the defendant, a failure to stop the train. It undoubtedly would be legal negligence on the part of the company to permit an obstruction so close to its track as to abrade or strike one of its coaches in a manner calculated to injure passengers; but this is as far as we can go, and, if the

plaintiff wished to call attention to evidence tending to prove that it was willful and reckless negligence not to stop the train in certain contingencies, and under certain conditions, he should have stated his case hypothetically. So, also, at the conclusion, he states positively in this instruction that it was the duty of the defendant's servants to see this obstruction, instead of submitting that question to the jury as a question of fact.

By examining the case of *Baylor* v. *Railroad Co.*, 9 W. Va. 270, it will be found that while the company are bound to adopt the ordinary precautions to discover danger as well as to avoid its consequences, yet the fact whether they ought to have discovered it or not is a question for the jury, under all the circumstances of the case. I may here remark that it is frequently erroneous, and always dangerous, for a party to embody circumstances embracing only a portion of the evidence, and to instruct the jury that should they believe or disbelieve they must find a verdict absolutely in favor of the party asking the instruction. The instruction we are now considering leaves out of view entirely the evidence of contributory negligence, and is, for that reason also, erroneous.

*Instruction No.* 10. I am aware that this instruction is based upon the language of the first point in the syllabus of *Downey* v. *Railroad Co.*, 28 W. Va. 732. This language, however, must be taken in connection with that used in the opinion, and with the qualifications which accompany it elsewhere in the syllabus. In the opinion it is said on page 737 :

"The fact that one has carelessly put himself in a place of danger is never an excuse for another purposely or recklessly injuring him. In such case, it may be said that the negligence of the party injured in putting himself in a position of danger was merely the condition or remote cause of the injury, while the subsequently intervening negligence of the other party was the immediate or proximate cause. Even the criminal is not out of the protection of the law, and is not to be struck down with impunity by other persons. This is not a substantive legal proposition, but simply a qualification of the general rule which affirms

that in an action for negligence the plaintiff can not succeed if it is found by the jury that he has himself been guilty of any negligence or want of ordinary care which contributed to cause the injury. The qualification is that though the plaintiff may have been guilty of negligence, and although that negligence may in fact have contributed to the injury, yet if the defendant could in the result, by the exercise of ordinary care and diligence, have avoided the injury, the plaintiff's negligence will not excuse nor relieve him from liability. It is not sufficient that the defendant sees or knows the plaintiff has negligently placed himself in a position of danger which may possibly result in his injury, but the situation must appear to be such that, unless the defendant uses extraordinary care and efforts to avoid it, injury must, according to the ordinary course of events, result to the plaintiff."

I understand the meaning which this language, by implication, at least, conveys, amounts substantially to declaring that, where the plaintiff is himself guilty of contributory negligence, the defendant will escape liability, with the qualification that, if the injury would have occurred notwithstanding the exposure of the defendant, the plaintiff shall be held responsible for the exercise of ordinary care and diligence; but if the injury would not have occurred had the plaintiff not exposed himself, in that case the defendant is held liable only for gross negligence, or wanton and willful dereliction. To maintain that in ordinary cases the defendant is held to the same degree of care, where there is contributory negligence, as in cases where there is no such default on the part of the plaintiff, would be to cut up by the roots the whole doctrine of contributory negligence; and, though the qualification to the doctrine is stated in various ways by the text-writers and by this Court, these statements, when analyzed, amount in substance to saying that contributory negligence on the part of the plaintiff renders the defendant liable only for gross or wanton or willful neglect, where otherwise he would be held liable for slight or ordinary negligence.

While this is the general principle, it is necessary to observe that in the transportation of its passengers a railroad

company is bound to exercise more than ordinary care and diligence ; it is liable for the slightest negligence against which prudence and foresight could have guarded, and held to the utmost care in the removal of obstructions, repair of bridges and switches, and all other matters properly pertaining to the condition of its track. *Riley* v. *Railroad Co.,* 27 W. Va. 145; *Cooper* v. *Railroad Co.,* 24 W. Va. 37; *Railroad Co.* v. *Wightman,* 28 Gratt. 431.

Consequently the degree of care exacted from the company to a passenger is greater than that to be exercised in respect to a stranger or a trespasser. There are cases, therefore, where the contributory negligence on the part of a trespasser, as in the case of *Spicer* v. *Railroad Co.,* 34 W. Va. 514 (12 S. E. Rep. 553) will entirely defeat a recovery unless gross or wanton negligence is brought home to the defendant; but, had such person stood in the relation of a passenger, his contributory negligence would relieve the company of the duty of that extreme care ordinarily existing, but would still leave it liable for the failure to use ordinary precautions for the safety of such passenger after his danger had been discovered.

Thus interpreted, the syllabus in *Downey* v. *Railroad Co.* would be literally accurate ; and instruction 10, which we are considering, ought to have been given with the modification that defendant is liable, if, after having notice (if the jury so find) of plaintiff's dangerous exposure, the defendant did not exercise ordinary care and diligence to prevent his injury.

Instruction No. 11 would ordinarily be correct if construed to mean, by using the words, " on the window-sill," that there was no protrusion beyond ; but, under the circumstances of this case, the Court ought to have modified the instruction in such manner as to make the distinction quite plain to the minds of the jury, viz., that to rest the arm on the window-sill of a car, provided it does not protrude, is not negligence *per se;* but, if it does protrude, the act becomes negligence in contemplation of law.

Instruction No. 12, is ambiguous and obscure, and would not readily be comprehended by the average juryman. In the case of *Railroad Co.* v. *Polly,* 14 Gratt. 447,

and *Ward* v. *Churn*, 18 Gratt. 801, it was held that where an instruction is equivocal, being correct on one construction of it, the Court should not refuse to give it, but should give it with such explanations as to insure its being understood by the jury.  This amounts to saying, perhaps, that the court should properly modify it so as to make it clearly intelligible to the jury.  In the light of what we have already said in defining "contributory negligence" and its legal consequences, there would be little difficulty in relieving this instruction of all ambiguity.  The last sentence should be omitted, and the remainder properly modified.  See *Gas Co.* v. *Wheeling*, 8 W. Va., 371.

We come now to consider the two instructions which were asked on the part of the defendant, and refused by the Circuit Court.  Instruction No. 2 was properly refused, and could not have been properly given without a modification conveying, in substance, the qualification that, unless the jury should further find that, prior to the injury, the defendant had discovered plaintiff's exposed position, and had failed to warn him, or to take any care or precaution to avoid injuring him.

Instruction No 3 of the defendant is correct in so far as it declares that allowing one's arm to protrude through the window and beyond and outside of the car is legal negligence; but such negligence as we have already seen, does not in every case preclude a recovery, and therefore this instruction was properly refused.  With respect to the last error assigned, that of refusing to set aside the verdict because it was contrary to the law and evidence, and found excessive damages, as the case must go back for a new trial, it is not necessary to discuss the question here involved, and it would be improper, perhaps, to comment upon the evidence, or to express any opinion on the amount of damages, if any, to which the plaintiff might be entitled.  For the reasons contained in this opinion the judgment of the Circuit Court must be reversed, and the cause remanded for a new trial.

REVERSED.   REMANDED.