# CHARLESTON.

Guinn v. Bowers.

Submitted January 26, 1898—Decided March 30, 1898.

1. Special Commissioner—*Special Commissioner's Deed—Correction of Deed.*

   Where a party is appointed a special commissioner in a chancery cause, and empowered and directed to execute and deliver a deed to a party to the suit, for a tract of land therein designated, and such special commissioner, in endeavoring to obey the directions of said decree, conveys the property by a misdescription, such commissioner, when the mistake is discerned, may correct the same by a subsequent deed. (p. 510).

2. Trespass—*Evidence—Deed—Decree—Record.*

   In a suit to recover damages for trespass on the land described in said deed, the decree directing said deed to be made, and the deed made in pursuance thereof, may be offered in evidence without the production of the whole record; the decree sufficiently describing the land which the commissioner was directed to convey. (p. 510).

3. Evidence—*Excluding Plaintiff's Evidence.*

   A motion by the defendant to exclude the plaintiff's evidence upon the ground that it is not sufficient to warrant a verdict in his favor will not be granted if there be any evidence which tends in any degree, however slight, to prove the plaintiff's case. (p. 511).

Error to Circuit Court, Fayette County.

Action by Laban Guinn against George W. Bowers to recover damages for a trespass. From a judgment for defendant, plaintiff brings error.

*Reversed.*

PAYNE & PAYNE, for plaintiff in error.

ST. CLAIR & WILSON, for defendant in error.

ENGLISH, JUDGE:

This was an action of trespass brought in the circuit court of Fayette county by Laban Guinn against George W. Bowers to recover damages resulting from the cutting and removal of the timber from a tract of land claimed as the property of the plaintiff. It appears from the record that the land on which the trespass is alleged to have been committed was known as part of the Jacob Skiles survey of nine hundred acres, which was delinquent and forfeited for the year 1850, and was sold as such to one Charles Hughart, who obtained a deed for the same from the clerk of the county court of said county, dated the 28th of March, 1854. It also appears that in 1859, in an action of ejectment, in which said Hughart was plaintiff and Guinn and Kincaid were defendants (Kincaid being tenant of Guinn), the defendant Guinn recovered one moiety of the land described in the declaration, being the western half of the Skiles survey; that on the 11th of January 1855, by agreement, said land was divided between Laban Guinn and John G. Guinn; and on the 11th day of November, 1881, by a decree of the circuit court of Greenbrier, rendered in a chancery suit in which Laban Guinn and Breckinridge Guinn were plaintiffs, and Ballard Carroway, administrator of John Guinn, and others, were defendants, it was shown that the said Laban Guinn purchased of his father, John Guinn, and was in possession of, a tract of four hundred and thirty-six acres; that J. M. McWhorter was appointed special commissioner in said suit to convey to said Laban Guinn said four hundred and thirty-six acres, said Guinn being already in possession of the same; that he entered upon the land on the 11th of January, 1855, and has held possession thereof ever since; that he claimed to the western boundary of the Skiles survey, and has paid the taxes thereon since his purchase, said survey embracing the land on which the timber in question had been cut and removed by the defendant in 1893; that the damage to land and timber amounted to two hundred and fifty dol-

lars; that neither the plaintiff nor the defendant, nor any one else, had ever been in actual possession of said land from which the timber was cut, but that the plaintiff claimed the same to the boundary of the Finney grant. After the first deed made by Commissioner McWhorter was delivered, the plaintiff caused a survey of the lands included in said deed to be made, and found that said deed did not convey the land mentioned and described in the bill. He therefore caused said Special Commissioner McWhorter to make a second deed, conveying said land according to said second survey, which last deed included the land upon which the timber was cut. It appears that this second deed made by the special commissioner was offered in evidence by the plaintiff on the trial of the cause, and the defendant objected, and the court sustained the objection. It also appears from the testimony offered by the plaintiff that the second deed made by Commissioner McWhorter was to correct a mistake in the description of the land made by the party who surveyed the land, and who admitted the mistake. The defendant offered no testimony or evidence in the case, but, at the conclusion of the plaintiff's evidence, moved to strike it out, which motion was sustained, and the plaintiff's evidence was not permitted to go to the jury. The jury was discharged, and the plaintiff's action dismissed, to which action of the court the plaintiff excepted, set out the evidence in a bill of exceptions, and obtained this writ of error.

The first error relied on by the appellant is claimed to have been in not allowing said second deed of J. M. McWhorter, special commissioner, to be read in evidence to the jury. Now, in passing upon the propriety of the action of the court in excluding this deed, we note the fact that the decree of the circuit court of Greenbrier county, rendered November 11, 1881, in the chancery cause of Laban Guinn and Breckinridge Guinn against Ballard Calloway, administrator of John Guinn, deceased, directing said Commissioner McWhorter to execute and deliver said deed, was offered in connection therewith. It further appears that the plaintiff, Laban Guinn, in order to furnish said special commissioner with a proper description of his portion of said land, had the same surveyed by one Flana-

gan, and the special commissioner, in pursuance of the metes and bounds thus furnished him, did execute and deliver to said Laban Guinn a deed for said land; that afterwards it was discovered that said Flanagan had committed an error in making said survey, which he admitted and corrected, and the said Laban Guinn caused said special commissioner to make him a deed in accordance with said corrected description, which second deed was also recorded. Now, it cannot be questioned that the duty of the special commissioner, under said decree, was not completed until he executed and delivered a deed properly describing the property; and there seems to be no evidence in the case showing that the description contained in the second deed above mentioned was not the true and proper description, but, on the contrary, the surveyor who ran the land admitted that there was an error in the first survey which was corrected in the last. It was not necessary that the entire record in the case of Laban Guinn and Breckinridge Guinn against Ballard Calloway, administrator of John Guinn, deceased, should have been offered in evidence, in order to make the deed of the special commissioner, executed in pursuance of a decree rendered in said cause, admissible. In the case of *Wynne* v. *Harman's Devisees*, 5 Grat. 158, it was held (point 2 of syllabus) that, "a decree of partition being a necessary link in a chain of title, if the decree and the report of the commissioners appointed to divide the land on which the decree is based sufficiently designate the land referred to in the decree, they are competent evidence, without the production of the whole record." See, also, *Waggoner* v. *Wolf*, 28 W. Va. 820 (point 1 of syllabus), where it is held that, where a deed made under a decree by a commissioner or other authority is offered in evidence as a connecting link of the parties' chain of title to land, it is necessary to introduce with it so much of the record of the suit in which such decree was made as will satisfactorily show that the persons having the legal title to the land conveyed were parties to the suit, and as will identify the land. To the same effect, see *McClaugherty* v. *Cooper*, 39 W. Va. 314, (19 S. E. 415). In the case at bar the decree offered in evidence identified the land as being in possession of the

plaintiff, Laban Guinn, as containing four hundred and thirty-six acres, and being part of a tract of nine hundred acres, known as the "Skiles Survey," and directed the special commissioner to convey it to said Laban Guinn, thus constituting a link in the chain of the plaintiff's title; and the deed made in pursuance thereof should have been allowed to be read in evidence to the jury.

The testimony shows that the timber cut on the land was included within the bounds of the second deed executed by said special commissioner, and that the damage occasioned thereby amounted to two hundred and fifty dollars. With this evidence before the jury, did the court err in sustaining the motion to strike out the plaintiff's evidence and in dismissing his case? This Court has held in the case of *Carrico* v. *Railway Co.*, 35 W. Va., 389, (14 S. E. 12) (point 3 of syllabus), that: "A motion by the defendant to exclude the plaintiff's evidence, upon the ground that it is not sufficient to warrant a verdict in his favor, will not be granted if there be any evidence that tends in any degree, however slight, to prove the plaintiff's case. If it tend to prove the plaintiff's case in any degree whatever, the case cannot be withdrawn from the jury. The motion can never prevail or be sustained merely because the court may think the weight of evidence is against the plaintiff." See, also, *Henry* v. *Railroad Co.*, 40 W. Va. 235, (21 S. E. 863) (point 9 of syllabus). Looking, then, at the evidence adduced by the plaintiff, and applying the authorities above quoted to the case presented by the record, my conclusion is that the circuit court erred in excluding said special commissioner's deed from the jury, in sustaining the motion to strike out the evidence, and in dismissing the plaintiff's case. The judgment complained of must therefore be reversed, with costs.

*Reversed.*