# CHARLESTON

## NEWHOUSE v. KANAWHA & WEST VIRGINIA RAILROAD COMPANY.

Submitted September 5, 1907.    Decided November 12, 1907.

1. MASTER AND SERVANT—*Safe Place to Work—Duty of Master.*
   A reasonably safe place to work, which it is a non-assignable duty of the master to provide, includes, in the case of railroads, the entire track over which the servant is required to pass in discharge of his duties. (p. 565.)

2. TRIAL—*Directing Verdict.*
   Where, in an action to recover damages for injury due to negligence, there is evidence which tends in a fairly appreciable degree to prove negligence, it is error to strike out the evidence of the plaintiff and direct a verdict for defendant. (p. 564.)

3. MASTER AND SERVANT—*Negligence of Master.*
   Generally, as between master and servant, negligence will not be imputed from the circumstance alone of injury due to defective machinery or appliances, but some affirmative acts of negligence, either of omission or commission, must be shown. (p. 564.)

4. SAME—*Negligence—Question for Jury.*
   But evidence showing suspension of wire cables across a railroad track so low as to obstruct the passage of a train, and actually obstructing the track but a short time before injury results therefrom, is sufficient, in an action by a servant injured

thereby while riding home from his place of work on a construction train of the defendant company, to constitute a *prima facie* case of negligence, entitling him, until explained by the defendant consistently with the exercise of due care, to have such evidence submitted to the jury. (p. 566.)

Error to Circuit Court, Kanawha County.

Action by Louis Newhouse against the Kanawha & West Virginia Railroad Company. Judgment for defendant, and plaintiff brings error.

*Reversed. New Trial Granted.*

Wertz & Van Fleet, for plaintiff in error.

Chilton, MacCorkle & Chilton, and T. R. English, for defendant in error.

Miller, President:

The demurrer to the plaintiff's declaration was overruled by the court below, and its action thereon is not challenged here. The plaintiff, a day-laborer employed by defendant in the construction of its railroad, in an action on the case, seeks recovery of damages for injuries sustained by him on the evening of May 23, 1906, in leaping from a flat-car of the construction train on which he was being carried by the defendant from his place of work to his boarding house. Along the line of the railroad was a derrick used in lifting stone, supported by two large wire guy-ropes stretched over the track. The derrick had been there for some time, and the construction train had safely passed and repassed under these ropes many times. But on the outward trip on the day of the injury, the train was flagged before reaching the derrick; and the conductor, who went forward to learn the cause, on returning announced, in the presence of the plaintiff and others on the flat-car, that the guy-ropes were too low; but after a delay of only a few moments the train passed on under the ropes without further interruption. The trouble occurred at the derrick in returning in the evening of the same day. The train was moving backward, the engine pushing the flat-car, which passed safely under the first rope; but this rope was caught by the cab of the engine, pulling down the derrick and causing the second rope to fall upon and sweep across the top of the flat-car, and, in order to

avoid being dragged off by the rope, the plaintiff was obliged to leap off the moving car near the tender, alighting on some rock on a steep embankment, bruising himself and breaking three ribs, and, as he rolled down the embankment, the heel of his left shoe was caught on the track by the wheels of the engine and his foot mashed, resulting in amputation of part thereof.

The evidence is very incomplete and unsatisfactory—in not showing to whom the derrick belonged, how it was or had been employed, more of the particulars regarding the delay of the train in the afternoon of the day of the accident, how and by whom the ropes were elevated so as to allow the train to pass under them, in whose charge the derrick was, and what provision the defendant had made to keep its track clear at this point. The plaintiff evidently relied on proof of the obstruction alone as making out a case of presumptive negligence, regarding the other matters as defensive in nature. It is not generally true, however, as between master and servant, that negligence is imputed from the circumstances alone of injury due to defective appliances of machinery; but, as a general rule, some affirmative acts of negligence, either of omission or commission, must be shown. *Minty* v. *Railroad Co.*, 4 L. R. A. 409; Wood Mast. & Serv., section 382; *Railway Co.* v. *Ledbetter*, 34 Kan. 326; *Dobbins v. Brown*, 119 N. Y. 188; 2 Labatt, Mast. & Serv., sections 833, 835.

After the plaintiff had introduced evidence of the nature and cause of, and how he received his injuries, developing the facts substantially as stated, the court sustained the defendant's motion to strike out his evidence and direct a verdict in its favor. The only question presented here is, was this action of the court erroneous? It is said by JUDGE HOLT in *Robinson* v. *Railroad Co.*, 40 W. Va. 585: "If there is no evidence in any fairly appreciable degree tending to prove defendant's negligence, then the court, on motion, should instruct the jury to find for the defendant; and the court must decide when the case calls for such instruction, for to that extent it is a question of law arising out of the testimony; but if in the opinion of the court the evidence tends *in a fairly appreciable degree*, not by a mere *scintilla*, to prove negligence on the part of the defendant, then the

question should be submitted to the jury." To the same effect
are *Carrico* v. *Railway Co.*, 35 W. Va. 389; *Yeager* v.
*Bluefield*, 40 W. Va. 484; *Guinn* v. *Bowers*, 44 W.
Va. 507; a motion to exclude evidence being, according to
these and other cases, equivalent to a demurrer thereto,
so far at least as the rights of the plaintiff are concerned.

Whether the evidence of the plaintiff comes within the
rule of these cases depends upon the question whether the
suspension of these cables over the track, so low at the time
of the accident as to constitute an obstruction, of itself speaks
a *prima facie* case of negligence, tending with the other evi-
dence to support in an appreciable degree the plaintiff's case.
It is familiar law that the obligation to provide the servant
a reasonably safe place to work is a non-assignable duty,
breach of which, though delegated to another, will render the
master liable.    Such a reasonably safe place to work has
been extended, with respect to railroads, to the entire track
over which the servant is required to pass in discharge of
his duties. *Flannegan* v. *Railway Co.*, 40 W. Va. 436;
*McCreery* v. *Railroad Co.*, 43 W. Va. 112; *Jackson* v. *Rail-
road Co.*, 43 W. Va. 380; and we see no reason for excepting
railroads under construction.

This position does not violate the general rule, in the case
of master and servant, requiring specific evidence which fairly
tends to show the employer guilty of negligence.    "The
rule does not imply that it is only from direct evidence that
the master's culpability can be inferred. The burden of proof
is satisfied by the production of circumstantial evidence."    2
Labatt Mast. & Serv., section 835.    Does not the suspension
of wire cables across a railroad track so low as to obstruct
the track and passage of a train, or leaving them so dan-
gerously insecure as to be liable to become an obstruction
and a nuisance, unexplained, actually obstructing the track
but a short time before injury results, constitute *per se* neg-
ligence?    This Court has so held, and we think rightfully, in
*McCreery* v. *Railway Co.*, *supra*, and substantially also in
*Flannegan* v. *Railway Co.* and *Robinson* v. *Railway Co.*,
*supra*.    The courts of other states so hold.    *Stoltenberg* v.
*Railroad Co.*, 165 Pa. 377; *Railway Co.* v. *Delaney*, 22
Tex. 427; *Thomas* v. *Telegraph Co.*, 100 Mass. 156.    Labatt,
Mast. & Serv., section 836, says:    "But while the plaintiff is

bound to introduce evidence from which the jury may properly infer that the accident was caused by the defendant's negligence, he is not required to point out the particular act or omission which caused the accident." In a note to section 838 are collected a number of cases illustrating the shifting of the burden of proof. This is not a case like *Sanderson* v. *Lumber Co.*, 50 W. Va. 42, in which an employee of the defendant not directly connected with the management of a log train, but whose duty it was to ride on it in performance of his duties, was thrown off and injured by the reckless management of the train and engine. Here, as in *McCreery* v. *Railway Co.*, *supra*, there was an obstruction over the track, which the servant had the right to assume would be kept unobstructed, subjecting him to a danger not assumed —an obstruction which, until explained by the defendant consistently with non-negligence, makes a *prima facie* case of negligence.

The plaintiff was entitled to have his evidence go to the jury; and the motion to exclude it and direct a verdict for defendant was improperly sustained. We therefore reverse the judgment, set aside the verdict, and award the plaintiff a new trial.

*Reversed. New Trial Granted.*