# CHARLESTON.

## POWELL v. LOVE.

Submitted January 25, 1892.—Decided February 12, 1892.

1. EVIDENCE.
   Where, on a jury trial, there is any evidence tending to sustain the plaintiff's demand, the court ought not to strike out the evidence.

2. AMENDMENTS—APPEAL—JUSTICE OF THE PEACE—CONTINUANCE.
   If a party during trial of an appeal from a justice is entitled to amend his pleadings, that right can not be made to depend solely on whether the adverse party is then ready to proceed with the trial. If such amendment would be a surprise to the other party, a continuance will obviate that objection.

*L. D. Isbel* for plaintiff in error cited 24 W. Va. 19, 20; Wat. Set-Off, §§ 475, 476; 26 W. Va. 583; Code c. 50, s. 169.

*McCallister & Blackwood* for defendant in error cited Code c. 50, s. 159; 5 W. Va. 575; 16 W. Va. 327; *Johnson* v. *Jennings,* 10 Gratt. p't 8 of Syll.; 1 Leigh. 16; 29 W. Va. 407; 8 W. Va. 245; 10 W. Va. 115; 7 Leigh. 608; 6 Munf. 125.

BRANNON, JUDGE:

Powell, for use *etc.,* brought an action before a justice in Cabell county against Love, obtained judgment and the case was appealed to the Circuit Court, and, the plaintiff

having there recovered judgment, the case was brought to this Court by Love.

We see no error in the refusal of the court to strike out the plaintiff's evidence, because, to say the least, there was evidence before the jury tending to sustain the plaintiff's demand, rendering it proper that a jury should pass upon it. *Carrico* v. *Railway Co.*, 35 W. Va. 389 (14 S. E. Rep. 12).

The bill of exceptions states that the defendant "offered to prove the damages he had sustained under the plea of *non assumpsit*, set-off, and notice of recoupment, which the transcript of the justice shows was filed in the court below," but the court refused to allow him to do so. The action was for sawing thirty six thousand, five hundred feet of lumber under a written contract between Powell and Love, by which Powell engaged to saw for Love two parcels of timber of Love's, to consist of not less than three hundred thousand feet. The transcript from the justice's court states that Love "filed a notice that defendant would recoup in the way of damages." The Circuit Court record shows that all the papers, except the justice's transcript, were lost, and the court allowed papers to be substituted, and, the plaintiff having filed his account, the defendant pleaded *non assumpsit* and "offsets," and "filed specifications of such offsets." This specification is as follows :

"John M. Powell to S. J. Love, Dr.:

| | |
|---|---:|
| By failing to saw about 2,500 feet lumber at first set | $ 75 00 |
| By moving saw-mill off and refusing to saw 140,000 feet, the balance of the contract | 280 00 |
| By cutting about 40,000 feet in the log | 24 00 |
| Paid John Flinn for hauling 3,350 feet of logs | 10 00 |
| | $389 00" |

We see no reason why the defendant was not entitled to make the defence of recoupment against the plaintiff's demand. The justice's record shows he filed notice of that defence. It is not found in the record. Probably no other notice than that conveyed by the record was filed. Is that notice indefinite? Hardly, in a justices's court, if we take it alone. "Recoupment" has a legal signification. It would call on the plaintiff to prove the execution of his contract,

but add to this notice the so-called "specification of offsets" ; and it plainly indicates that Love proposed to recoup for the failure to saw lumber which Powell had engaged to saw and for logs which Love had cut to be sawed, which by the contract he was to cut ready for the mill, and for hauling logs which by it Powell was to haul.

The fact that the record calls it a "specification of offsets," and that it is in form a debit account, is not material. Taken in connection with the written contract, its purpose was plain. Notice of recoupment was put on the justice's record. That record was not lost. The fact that the court allowed the parties to substitute papers would not destroy that notice. It was only to substitute parts of the record lost. There it was in the record. Plainly the pleading of *non assumpsit* and set-off by the defendant would not take the notice of recoupment out of the record or nullify it.

The statute says the appeal shall be tried on the pleadings before the justice, or the pleadings may be amended before or during the trial of the appeal; and, of course that means a partial amendment, if partial amendment only is necessary.

The pleadings before justices may be oral or written, if oral, a brief statement of the contents should be entered on the docket (as was here done as to notice of recoupment) ; and on appeal the case may be tried on the brief note in the docket with other written pleadings, if there be any; and they are sufficient if such as to enable a person of common understanding to know what was intended. *Poole* v. *Dilworth*, 26 W. Va. 583. As a notice of recoupment is not a pleading, less formality is required, *Organ Co.* v. *House*, 25 W. Va. 64; and it would seem that this notice on the justice's docket of the defence of recoupment would all the more be sufficient.

When the court had refused to allow the defendant to prove the damages which he claimed to have sustained, he asked the court to allow him to amend his pleadings; and the bill of exception states that "the court expressed its willingness to allow the defendant to amend his pleadings, if the plaintiffs were ready to proceed on the new issue that

would be raised;" and the plaintiff's counsel stating that they would be taken by surprise, and would need witnesses from Ohio, the court refused to allow such amendment. If the notice was not such as to allow the defence, then there was ground for amendment.

There had not been a total neglect to give notice, but a well-meant effort to do so, and only a technical failure. Clearly, if he could sustain by evidence such defence, justice required that the defendant be allowed to make it, and amendments are designed to further justice. Code c. 50, § 169, liberally provides for amendments, by enacting that on the trial of an appeal pleadings may be amended during the trial, if substantial justice will be promoted and that, if a continuance is made necessary, it may be ordered at the cost of the party amending.

Here, if the notice of the recoupment were not sufficient, there was need of amendment, and so the court rather intimated by the language of the bill of exceptions; but the court made the right to amendment dependent on the will of the plaintiff, thus making a right of the other party essential to a fair trial dependent on an inadmissible condition, that the plaintiff should be able to go on with the trial. The question was: Is the defendant entitled to amend? If so, no matter as to the surprise of the other party; that can be obviated by a continuance.

The counsel for appellee argues that it does not appear that there is error, and it is presumed there is none until it appears; that it does not appear what the evidence of damage was which was excluded. If it were merely a question of relevancy or competency, there would be force in the suggestion; but it appears that the defendant proposed to give evidence of recoupment, and it was refused—all evidence of it. Certainly it was not necessary to detail all the evidence he had in store, when we see that the entire matter or theory of defence was refused.

Again, it is said we can not say what amendment was contemplated. We know what defence the defendant proposed, and that evidence of it was ruled out, and we can not fail to see that it was such amendment as would allow the defence of recoupment.

Judgment reversed, verdict set aside, new trial awarded, and case remanded for further proceedings.

REVERSED.   REMANDED.