# CHARLESTON.

### The J. C. Orrick & Son Co. *v.* Dawson.

### Decided May 3, 1910.

1. SET-OFF AND COUNTER CLAIM—*Recoupment—Breach of Contract.*
   Defendant can not recoup damages if they depend on the breach of a contract different from, and independent of, the one on which suit is brought.

2. SAME—*Recoupment Contracts.*
   In an action by plaintiff for the price of goods sold and delivered, defendant can not recoup damages for plaintiff's refusal to accept other goods sold to plaintiff by defendant under a separate and independent contract.

3. EVIDENCE—*Parol Evidence—Written Contract.*
   Parol testimony is inadmissible to prove an unwritten agreement made at the time of, or prior to, a written agreement, for the purpose of varying or contradicting the terms of the latter.

Error to Circuit Court, Morgan County.

Action by the J. C. Orrick & Son Company against W. E. Dawson. Judgment for plaintiff, and defendant brings error.

*Modified and Affirmed.*

*Forrest W. Brown,* for plaintiff in error.

*Faulkner, Walker & Woods,* for defendant in error.

WILLIAMS, JUDGE:

Writ of error to circuit court of Morgan county. Action of *assumpsit* by The J. C. Orrick & Son Company, a corporation, against W. E. Dawson. Judgment for plaintiff and defendant brings error.

Plaintiff is a wholesale dealer in cans and canned fruits and

vegetables, in the City of Cumberland, Maryland, and defend-
ant is engaged in growing and canning fruits and vegetables in
Morgan county, West Virginia. Plaintiff sold a lot of cans and
solder to defendant, and also bought from him some canned
goods. The action is to recover the balance on account which
plaintiff claims is due it. There is no dispute concerning the
items of account as shown by plaintiff's bill of particulars, except
an item of $28 for car demurrage which plaintiff abandoned.
The controversy is concerning the right of defendant to recoup
damages for the alleged failure of plaintiff to accept canned
goods from defendant in payment of the cans and solder which
it had sold him, with the understanding, as defendant claims,
that they were to be thus paid for, but which agreement, it is
contended, plaintiff refused to carry out. A trial was had at
the July term, 1906, which resulted in a verdict in favor of
plaintiff for $1,043.74, upon a demurrer by plaintiff to defend-
ant's evidence. The court took time to consider of its judgment
upon said demurrer until the April term, 1907, when it decided
in favor of plaintiff and rendered judgment for the amount of
the verdict.

Defendant took two several bills of exceptions to the action
of the court in refusing to permit him to give oral testimony
to prove the following facts, viz: that he had purchased the
cans and solder from plaintiff with the understanding that they
were to be paid for in canned goods in the season of 1903, as
per agreement or order dated March 24, 1903; that J. C.
Orrick, president of plaintiff company, had inspected and ap-
proved the canned goods at defendant's cannery; that defendant
had shipped to plaintiff one car load of the goods; that it had
the other goods ready to ship but did not do so because plaintiff
refused to accept them, and that on account of such refusal to
comply with its contract defendant was compelled to sell the
goods to another purchaser at a less price than that for which
he had previously sold the same goods to plaintiff, after the
season was over, and that he thereby suffered damages as set
out in detail in his notice of recoupment, which amount of loss
claimed is $1,677.85.

Was it error to exclude this testimony? Is it consistent with
the facts stated in the notice of recoupment, filed by defendant?
Although the defense of recoupment, especially in an action

of *assumpsit,* may be made under the general issue, and need not be specially pleaded, *Franklin* v. *Lilly Lumber Co.,* 66 W. Va. 164; *Sterling ·Organ Co.* v. *House,* 25 W. Va. 64, still the evidence offered in support of the damage sought to be recouped should be consistent with the facts alleged in the written notice of recoupment? Defendant could not ·file notice of one state of facts, as his grounds for recoupment, and then introduce evidence of a different state of facts. Such notice, 'while not a technical plea, is still in the nature of a plea to the extent, at least, that the *probata* would have to correspond with the *allegata* in the notice. Such rule is necessary to prevent a surprise to plaintiff. *Powell* v. *Love,* 36 W. Va. 96; *Sterling Organ Co.* v. *House,* 25 W. Va. 64. Defendant filed, as part of his notice of recoupment, a copy of the written contract of sale by him to plaintiff of "4000 cases of full standard 3 lb. tomatoes at 72c. per dozen, labelled." The contract was dated March 24, 1903, and the goods were to be delivered f. o. b. in Morgan county, West Virginia, during the packing season of 1903; this would be some months after the date of the contract. The terms of sale expressly stated are: "Net cash on receipt of goods." Plaintiff's suit is for the price of cans and solder sold to defendant, and defendant contends that the sale of the tomatoes, and the purchase of the cans, are parts of one and the same transaction, constituting one contract; in other words that the sale of the tomatoes was 'the consideration for the purchase of the cans, and that he was damaged by the subsequent failure of plaintiff to take the tomatoes. On the other hand, plaintiff contends that they are two separate transactions, made at different times, and, therefore, independent of each other. If defendant's contention be right, he would be allowed to recoup whatever damages he actually suffered resulting from plaintiff's breach of the contract, not to exceed plaintiff's claim. *B. & O. R. R. Co.* v. *Jameson,* 13 W. Va. 833; *Logie* v. *Black,* 24 W. Va. 1; *Dillon* v. *Eakle,* 43 W. Va. 502; *Bunting* v. *Cochran,* 99 Va. 558; *Clark's Cove Guano Co.* v. *Appling,* 33 W. Va. 470; *Natural Gas Co.* v. *Healey, Id.* 102. But if plaintiff's contention is correct, defendant could not recoup damages for plaintiff's failure to receive the tomatoes in the present action, which, as above stated, is a suit for the price of the cans. Before a defendant can be allowed to recoup

damages against a plaintiff's demand, it must be shown that the damages sought to be recouped grow out of a breach of the same contract on which plaintiff sues, or out of some other agreement so intimately related to it as to be a part of it. *Logie* v. *Black, supra.* Consequently, in order to determine whether or not defendant's testimony was properly excluded we must consider, (1) whether the sale of the tomatoes and the purchase of the cans and solder are one and the same, or whether they are independent contracts; and (2) whether or not, if they are one, or parts of, one transaction, or agreement, the oral testimony offered, and excluded, contradicts the terms of the written contract for the sale of the tomatoes. The written contract shows that the sale of the tomatoes was made on March 24, 1903, and that they were to be paid for in "net cash on receipt of goods." There is no mention made of the cans in this contract. It then becomes material to know when the cans were purchased. Was it at the same time of the sale of the tomatoes, or a later date? If they were purchased later, and with the understanding, or agreement, that they were to be paid for with the tomatoes, we have no doubt that the two transactions might then be regarded as one for the purposes of recoupment, because such subsequent oral contract would then operate as a modification of the previous one, changing the terms of payment for the tomatoes from "net cash," to a payment in cans, or at least to a part payment in cans. Such a subsequent oral modification of a written agreement is allowable in law, and would make the two agreements related parts of one contract for the purpose of recouping damages for a breach of either, in an action upon the other. But if the purchase of the cans was made prior to, or at the time of, the sale of the tomatoes, it should have been incorporated in the written contract, otherwise oral proof of it can not be received to contradict the writing. 1 Greenleaf on Evidence, section 275. The rejected testimony of defendant would prove, if admissible, that the two contracts were either made at the same time, or, if not at the same time, that the cans were purchased prior to the sale of the tomatoes. He says "that he purchased cans and solder in the bill of particulars mentioned with the understanding that they were to be paid for with canned goods in the season of 1903 and be used in the preparation of said goods, and with the

understanding that the plaintiff should purchase from said defendant 4000 cases of canned tomatoes as per an agreement or order, dated March 24, 1903." The language "that the plaintiff should purchase from said defendant," etc., implies that it had not then purchased; the verb *should purchase* denotes future time, and negatives the idea that a purchase of the tomatoes had then been made. If the written contract had been made prior to the time, with reference to which defendant was testifying, he would not have spoken of a future purchase of the tomatoes, because that contract shows a sale as of its date, providing for a future delivery.

The circuit court committed no error in excluding defendant's testimony, and its judgment will be modified to the extent of providing that it shall not prejudice the right of defendant to bring an independent action against plaintiff for its alleged breach of the contract for the purchase of the 4000 cases of canned tomatoes, and, as so modified, it will be affirmed, with costs to appellee.

*Modified and Affirmed.*