# WESTERN ELECTRICAL SUPPLY COMPANY *v.* ABBEVILLE ELECTRIC LIGHT AND POWER COMPANY.

ERROR TO THE SUPREME COURT OF THE STATE OF SOUTH CAROLINA.

No. 178.   Argued March 14, 1905.—Decided April 3, 1905.

A foreign corporation sued in a state court appeared specially and objected to the jurisdiction on the sole ground that the person served was not its agent within the meaning of the state statute; the lower court sustained the objection, but on plaintiff's appeal the highest court of the State held the service good; defendant then demurred on the ground that the statute as to service on foreign corporations was violative of the Federal Constitution; on second appeal after the demurrer had been overruled and there had been judgment for plaintiff on the merits, the highest court of the State declined to consider the constitutionality of the statute on the ground that the question of jurisdiction had been settled on the first appeal. *Held,* that the writ of error must be dismissed. Had the objection been raised in the first instance and disposed of on plaintiff's

appeal, the adherence by the state court on defendant's appeal to its prior adjudication might not have cut off consideration of the Federal question, but as it was not so raised, and as the state court could in its discretion consider it as coming too late and refuse to pass upon it, the jurisdiction of this court cannot be maintained.

THE facts are stated in the opinion.

Mr. *Lee W. Grant*, with whom Mr. *Jackson H. Ralston* and Mr. *F. L. Siddons* were on the brief, for plaintiff in error, cited *Gt. West. Tel. Co.* v. *Burnham*, 162 U. S. 339, in support of the jurisdiction of this court.

Mr. *William N. Graydon* for defendant in error:

The Supreme Court of the State expressly refused to pass on the alleged Federal question, and based its judgment on another and entirely different ground. The Federal question, therefore, is not involved at all in this case.

Where the record discloses that if a question has been raised and decided adversely to a party claiming the benefit of a provision of the Constitution or laws of the United States, another question, not Federal, has also been raised and decided against such party, and the decision of the latter question is sufficient, notwithstanding the Federal question, to sustain the judgment, this court will not review the judgment. *DeSaussure* v. *Galliard*, 127 U. S. 216; *Chemical Bank* v. *City Bank*, 160 U. S. 646; *Capital Bank* v. *Cadiz Bank*, 172 U. S. 425; *McQuade* v. *Trenton*, 172 U. S. 636; *Allen* v. *Southern Pacific R. R. Co.*, 173 U. S. 479; *Beals* v. *Cone*, 188 U. S. 184; *Harrison* v. *Morton*, 171 U. S. 47.

The question decided by the Supreme Court of South Carolina is purely a local question. Each State has a right to declare the terms upon which foreign corporations shall do business in the State, and the doing of the business is an acceptance of the terms imposed by statute. *Simon* v. *Craft*, 182 U. S. 427; *New Orleans Waterworks Co.* v. *Louisiana*, 185 U. S. 336. The Fifth Amendment to the Constitution con-

tains no restriction on the powers of the State.  *Brown* v. *New Jersey,* 175 U. S. 172.

To give this court jurisdiction of a writ of error for the review of a judgment of a state court, it must appear affirmatively, not only that a Federal question was raised, and presented for decision to the highest court of the State having jurisdiction, but that it was decided, or that its decision was necessary to the judgment that was rendered.  *Adams County* v. *Burlington & Mo. R. R. Co.,* 112 U. S. 123; *Chouteau & Maffit* v. *Gibson,* 111 U. S. 200.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

The Abbeville Electric Light and Power Company, a corporation of South Carolina, brought this action in the Circuit Court of Abbeville County, South Carolina, against the Western Electrical Supply Company, a corporation of Missouri, by service of summons and complaint on one George F. Schminke, as agent of the defendant.  The complaint alleged that "the cause of action set forth herein arose in this State," and set up the breach of a contract of guaranty in respect of a machine for generating electricity sold by defendant to plaintiff.  Defendant appeared specially and moved "to set aside the service of the summons herein on the ground that the party served with the summons and complaint herein on the seventh day of November, 1900, was not an agent of the defendant."  The motion was heard on affidavits at the February term, 1901, of the Circuit Court, the service set aside and the case dismissed for want of jurisdiction.

The Circuit Judge was of opinion that Schminke was not "an agent in the sense in which 'any agent' is used in the Code."  The case was then carried by appeal to the Supreme Court of South Carolina, and the judgment below was reversed and the cause remanded for further proceedings.  61 S. Car. 361.

The court held, speaking through Mr. Chief Justice McIver, that under the second paragraph of section 155 of the Code,

as amended by an act approved March 2, 1899, the facts being considered in connection with section 1466 of the Revised Statutes of 1893, as amended by an act of 1897, the service was good and valid.

In this view the court said: "The case must be regarded as a case in which a domestic corporation, having, as is supposed, a claim against a foreign corporation doing business in this State, arising out of a contract made and to be performed in this State, has undertaken to commence its action against such foreign corporation by serving, personally, within the limits of this State, an agent of such foreign corporation, with a copy of the summons; and in such a case we do not think that any authority, has been or can be cited, which holds that the state court had not thereby acquired jurisdiction of the foreign corporation."

On the other hand, the court held that if the case were one in which the plaintiff, a domestic corporation, had brought its action on a contract not made, and not to be performed, in the State, against the defendant, a foreign corporation, and had undertaken to obtain jurisdiction by the personal service of the defendant's agent within the limits of the State, even then, as it appeared upon the facts that the agent was a representative of the defendant corporation in respect of the transaction out of which the suit arose, and was served while within the State for the purpose of attending to the business of the corporation, the service was a good service.

The case having gone back to the Circuit Court, defendant, by demurrer, renewed its objection to the jurisdiction, this time "on the ground that subdivision 1 of section 155 of the Code, providing for service upon a foreign corporation, and the act of the general assembly of South Carolina amending the said section of the Code, by striking out the word 'resident,' approved March 2, 1899, are in contravention of the Fifth and Fourteenth Amendments to the Constitution of the United States, and on the further ground that the act of the General Assembly of South Carolina, entitled 'An act to

further prescribe the terms and conditions upon which foreign corporations may do business within this State,' approved the second day of March, A. D. 1897, is in contravention of the Fifth and Fourteenth Amendments to the Constitution of the United States."

The demurrer was overruled and the case went to verdict and judgment on the merits, whereupon it was again taken by appeal to the Supreme Court. That court declined to express any opinion on the constitutional questions, and affirmed the judgment. 66 S. Car. 328. The court held the question of jurisdiction had already been determined and that it was not bound to reëxamine it. This was, of course, a ground broad enough to sustain the judgment, and as the objection that the state statutes were inconsistent with the Federal Constitution was not raised until the case came on for the second hearing, it is plain that the Supreme Court could, in its discretion, treat it as coming too late to call for decision. Had that objection been raised in the first instance and been disposed of, then inasmuch as the judgment of the Circuit Court was at that time reversed on plaintiff's appeal, the adherence by the Supreme Court to its prior adjudication as the law of the case, on defendant's appeal, would not in itself have cut off consideration of the Federal questions; but it was not so raised, and, as the case stands, we are of opinion that our jurisdiction cannot be maintained.

*Writ of error dismissed.*