# CHARLESTON.·

## FINDLEY v. COAL & COKE RAILWAY CO.

Submitted September 21, 1915. Decided October 12, 1915.

1. PLEADING—*Declaration—Right to Amend.*

   A declaration cannot be so amended as to introduce a new cause of action, after the appearance of the defendant, if he objects to the filing thereof in proper time and manner. (p. 748).

2. APPEAL AND ERRCR—*Objection to Filing Declaration—Sufficiency.*

   Resistance of a motion for leave to file such a declaration, followed by an exception to the grant of such leave and demurrers to the amended declaration and each of its counts, constitute a sufficient objection to the filing thereof. (p. 750).

3. PLEADING—*Amended Declaration—New Cause of Action.*

   An amendment to a declaration by a personal representative, under the state statute giving a right of action for damages for the death of an employee, occasioned by the wrongful or negligent act of the employer, setting forth a right of action under the Federal Employers' Liability Act, states a new cause of action. (p. 751).

4. COMMERCE—*Interstate Commerce—Carriers.*

   A railroad company, the termini of whose lines are within the state, hauling to points within the state, under contracts of through carriage, cars loaded at points outside of the state and shipped therefrom by other railroad lines, as initial carriers, is engaged in interstate commerce, notwithstanding the train in which such cars are hauled is largely composed of cars of intrastate shipment. (p. 751).

5. SAME—*Interstate Commerce—Railroad Employee—Student Fireman.*

   A student fireman on such a train is engaged in interstate commerce, as an employee of the company. (p. 754).

6. MASTER AND SERVANT—*Employment in Interstate Commerce—Student Fireman—Pleading.*

   Designation of the rank of an employee, as that of student fireman, does not imply lack of duty, under his contract of employment, to render his employer active service in such capacity, and his employment implies such duty. (p. 754).

Error to Circuit Court, Randolph County.

Action by Levi J. Findley, administrator, etc., against the Coal & Coke Railway Company. Judgment for plaintiff, and defendant brings error.

*Reversed and remanded.*

*Price, Smith, Spilman & Clay,* and *E. A. Bowers,* for plaintiff in error. ·

*H. G. Kump,* for defendant in error.

POFFENBARGER, JUDGE:

The disposition of a former writ of error in this case, revealing its character, is reported in 72 W. Va. 268. On the new trial awarded by that decision, facts were disclosed which give it an aspect entirely different from that presented on the former writ of error. In view of the evidence adduced on that trial, by the defendant, for the purpose of proving a right of action under the Federal Employers' Liability Act, in exclusion of right of recovery under the state. law,. the plaintiff, with leave of the court and over the objection of the defendant, amended the first count of his declaration, so as to claim right of recovery under the new state of facts. Its effort to keep the federal statute out of the case, except for the purpose of preventing recovery under the state statute, having failed, the defendant invoked the benefit of the limitation of the right of action prescribed by the former. The pleas setting it up were filed, a motion to direct a verdict for the defendant, based on the pleas and the evidence tending to sustain them, was overruled and a verdict for the plaintiff in the sum of $5,300.00, was returned, on which a judgment was rendered.

Waiver of right to defeat recovery under the state statute, by showing the cause of action, if any, arose under the federal statute, is asserted on the ground of failure to interpose such defense in the former trial, no intimation of its existence having been given either in the court below or in this court on the writ of error. On this theory of waiver were founded objections to the introduction of evidence tending to show plaintiff's decedent was engaged, as an employee of the defendant, in interstate commerce, at the time of his death.

While not clearly defined, the line of argument seems to be that the admission of this evidence was a highly prejudicial error against the plaintiff, which the trial court could correct by the subsequent rulings in his favor of which the defendant complains. The opinion delivered on the former writ of error shows no adjudication of right of recovery in the plaintiff. Obviously, there was none in the court below, where the defendant prevailed. Here its judgment was reversed and a new trial awarded the plaintiff, on account of erroneous rulings respecting instructions and the admission and rejection of evidence. It was held here that the trial court had erred in directing a verdict for the defendant. This ruling was the nearest approach to the merits of the case. The only defense made in that trial was alleged insufficiency of the plaintiff's evidence. No evidence for the defendant was introduced. Its assertion of insufficiency of the plaintiff's evidence, by its motion to direct a verdict in its favor, having been sustained by the trial court, it stood upon that favorable ruling, as it had the right to do. While sustained in this position, it was not bound to say whether it had other defenses. Nor did the interposition of this one imply lack of others or an election of defenses. Its reliance upon other matters of defense, after this one had been overthrown here on the writ of error, was not at all inconsistent with its former conduct. The case was not here on a demurrer to the evidence, so as to enable the court to render a final judgment. Under our practice, the grant of a new trial, such as was accorded the plaintiff in this case, is not an adjudication of his right of recovery, nor does it preclude reliance upon defenses not interposed on the first trial. Neither party is held to the former status or condition of the case. The declaration may be amended in any proper way, new pleas filed and new evidence adduced. Any point actually decided upon the appeal or writ of error is, of course, deemed settled. *Butler* v. *Thompson,* 52 W. Va. 311; *Seabright* v. *Seabright,* 33 W. Va. 152; *Henry* v. *Davis,* 13 W. Va. 320; *McCoy* v. *McCoy,* 29 W. Va. 794; *Pennington* v. *Gillaspie,* 66 W. Va. 643. Such also is the import of manifestly inapplicable authorizes produced in support of the claim of waiver. After actual decision, it is too late to tender new defenses. *Yazoo & Mississippi Valley Railway Co.* v.

*Adams*, 180 U. S. 1; *Union Mutual Life Insurance Co.* v. *Kirchoff*, 169 U. S. 103; *Western Electrical Supply Co.* v. *Abbeville Electric Light & Power Co.*, 197 U. S. 299. One of the authorities relied upon, *Leora* v. *Railway Co.*, 156 Wis. 386, 8 N. C. C. S., 108, seems to proceed upon the theory of a waiver by conduct. That case, however, is wholly inapplicable. In it, no attempt to set up a certain defense was made in the trial court. After it had gotten into the appellate court, an effort to assert that defense was made. Here, the defense in question was made in the court below, on the second trial, and it had not been foreclosed or barred by an adjudication in the first.

Properly regarding the Federal Employers' Liability Act, when applicable, as exclusive of the state statute giving right of action for damages for death by wrongful act, *St. Louis etc. Railway Co.* v. *Seale*, 229 U. S. 156, *Second Employers Liability Cases*, 123 U. S. 1, *Michigan Central Railway Co.* v. *Vreeland*, 227 U. S. 59, the defendant, to defeat recovery on the declaration as it was when the trial began, proved that the plaintiff's decedent was, at the time of his death, employed in the operation of a train which, although operated on an intrastate railroad, extending from the City of Elkins to the City of Charleston, was composed of a locomotive and tender and thirty three cars, nine of which cars had come from points without the state, under through contracts of carriage, for delivery in the state. Unable successfully to controvert this evidence and fearful of its effect, the plaintiff, before submission of the case to the jury, amended the first count of his declaration so as to make it conform thereto. Such right of amendment is admitted, provided the count, as amended, does not set forth a new cause of action. If it does, however, the right of amendment is denied. Hence, the assignment of error, predicated upon the action of the court, in overruling the objection to the filing of the amended declaration, raises vital inquiries: (1), whether a new cause of action can be introduced by an amendment, after an appearance by the defendant and over objection thereto; (2), if not, whether a sufficient objection was made; and, (3), whether the amendment sets forth a new cause of action.

After an appearance by the defendant, the plaintiff cannot

amend his declaration so as to introduce a new cause of action, over objection. Uniform adherence to this rule is attested by numerous decisions. *Mankin* v. *Jones,* 68 W. Va. 422; *Hanson* v. *Blake Adm'r.,* 63 W. Va. 160; *Clark* v. *O. R. R. Co.,* 39 W. Va. 732; *Kuhn* v. *Brownfield,* 34 W. Va. 252; *Snyder* v. *Harper,* 24 W. Va. 206. To the motion for leave to amend the first count of the declaration, the defendant promptly interposed its objection which the court overruled. After the amended declaration was filed, the defendant demurred to it and to each count thereof. The protest was sufficient in respect of both time and form. *Clark* v. *Ohio River R. Co.,* cited. Every means of resistance of this alteration of the ground of recovery having been unsuccessfully employed, it becomes necessary to ascertain whether the amendment sets up a new cause of action.

Every cause of action, or matter for which an action may be brought, rests upon or grows out of a legal or contractual right. A duty to which the right is correlative and a breach of the duty are its essential elements. *Harvey* v. *Parkersburg Insurance Co.,* 37 W. Va. 272; *Clark* v. *Ohio River R. Co.,* 39 W. Va. 732; *Hudson* v. *Iguano Land & Mining Co.,* 71 W. Va. 402. Identity of causes of action, on the one hand, and differentiation thereof, on the other, are better illustrated and more clearly and accurately disclosed, it seems to us, in the application of the principles of the law of former adjudication, than any other. Rights of action very closely related and apparently identical are often held to be entirely separate and distinct, in the legal sense of the terms. *Cromwell* v. *County of Sac,* 94 U. S. 351; *De Sollar* v. *Tanscome,* 158 U. S. 216; *Russell* v. *Place,* 94 U. S. 606; *Coville* v. *Gilman,* 13 W. Va. 314; *Hudson* v. *Iguano Land & Mining Co.,* 71 W. Va. 402; *Pomeroy National Bank* v. *Huntington National Bank,* 72 W. Va. 534. More than one right of action may arise between the same persons, respecting one and the same thing or transaction. In a suit to compel specific performance of a contract of sale of land, circumstances entirely aside from the validity of the contract, may constrain a court of equity to refuse specific performance of it. Thereafter ,a court of law may entertain an action on it for damages for non-performance. Here the same contract and the same parties

are concerned in each suit; and, yet, one is not a bar to the other, the causes of action being different, since one is the assertion of a claim for damages for breach of a contract, and the other a claim of right to specific performance. Money may be due on a contract in installments. An action for the first installment may be defeated by proof of payment or sets-off. A second one upon the same contract, for another installment, would be well founded. The owner of real estate, being out of possession, may bring a possessory action at law to recover it, or being in possession and having good title, he may sue for a trespass thereon, or to remove a cloud, and all against the same person. In all these cases, the property and parties are the same, but the rights and wrongs giving rise to the actions and constituting the causes thereof, in the several cases, are different.

Every merely partible or separable thing, however, does not constitute a separate right of action. In *Clark* v. *O. R. R. Co.*, 39 W. Va. 732, Judge BRANNON illustrated this proposition, saying: "There is a farm, through which a railroad right of way is condemned. The company's legal duty is to put in two cattle-guards. That is the whole duty to the owner as to this tract. If it puts in neither, that duty is broken; so if it puts in only one. This might seem to imply that the failure to put in each cattle-guard was in itself alone a cause of action, but I think not. The owner of this farm sues the company for breach of this duty. The duty included two cattle-guards. He specifies in his declaration, however, only the failure to build one, but he concludes later that the duty covers two. Can he not amend his declaration, and specify a second breach in the failure to make a cattle-guard at another place? He does not introduce a new and different substantive cause of action, as he does not impute a new and different duty, but still relying upon the same duty as giving birth to his right, he but calls in another breach of that duty." The right to amend, under such circumstances, was upheld on the ground of singleness of the duty imposed by one law, the only law applicable to the transaction. The state statute giving a right of action for damages for death by wrongful act and the Federal Employers' Liability Act, giving a right of action for the same thing, each impliedly im-

poses duty upon the employer, to refrain from wrongful or negligent acts causing injury or death to the employee. This duty is, in a sense, the same under each act. It is the duty to exercise care for the protection of the servant from injury and death, while engaged in the performance of his work. Though the duties are, to some extent, identical, they differ in point of basis and origin. One springs out of a state law and the other, out of a federal law; one imposes duty in favor of servants engaged in all occupations except that of the handling of interstate commerce by railroads, the other, only in favor of servants employed by railroads engaged in such business. Furthermore, the duties vary in the extent of their obligations. Under the state law, the servant assumes all risks of danger, ordinarily incident to his employment, and the duty and obligation of the master are limited to the extent of the risks so assumed. Among these, is that of injury by the negligence of fellow-servants. Under the federal act, there is no assumption of risk, limiting the employer's obligation. Under the state law, if the servant contributes to his own injury, there is no liability on the master. In other words, if his injury was occasioned by the concurrent negligence of himself and his master, or, if his own negligence contributed to that injury, he has no right of recovery. Under the federal statute, the contributory negligence of the servant does not bar his right of action. It merely mitigates the damages. Obviously, therefore, the duty of the master under the state law, though similar in some respects to that imposed on him by the federal act, is not identical therewith, nor is the right of the servant the same under the two acts. Moreover, facts applying the federal statute exclude the operation of the state statute as effectually as if it were non-existent. It does not constitute the basis or ground of the action at all. *St. L. & San Francisco Ry. Co.* v. *Seale*, 229 U. S. 156; *Second Employers' Cases*, 223 U. S. 1; *Mich. Cent. Ry.* v. *Vreeland*, 227 U. S. 59.

But for the court's judicial knowledge of the statute, it would have to be pleaded as the foundation of the action. If the duty violated or broken were contractual in its nature, the contract would certainly have to be pleaded, and there could be no recovery upon proof of a contract different from

the one declared upon. Each of the two separate and distinct contracts would necessarily be the basis of a separate and distinct right of action. Two wholly unconnected statutes imposing duties of different natures can no more constitute the basis of a single right of action than two unrelated contracts. The contracts come in by pleading and the statute, by judicial cognizance. This merely formal difference cannot vary the principle applicable to the substantive rights. On this subject, Mr. Justice White, now Chief Justice, delivering the opinion of the court in *Union Pacific Railway Co.* v. *Wyler,* 158 U. S. 285, said: ''As the first petition proceeded under the general law of master and servant, and the second petition asserted a right to recover in derogation of that law, in consequence of the Kansas statute, it was a departure from law to law.'' Accordingly, it was held in that case, that the second petition stated a new cause of action. In *Missouri, Kansas & Texas Railway Co.* v. *Wulf,* 226 U. S. 570, a petition stating facts bringing the case within the federal statute was amended only as to the capacity in which the plaintiff sued. By her first petition, she had sued in her individual capacity. By the second, she sued as personal representative. In all other material respects, the second petition was identical with the first. The court held the amended petition did not state a new cause of action. In this case, the declaration, as originally prepared and filed and as it was when the first trial was had, disclosed no fact that in any way suggested the plaintiff's decedent had been killed, while engaged in interstate commerce. The amended count introduced facts which, it is claimed, made the case one within the federal statute. If they did, the amendment, according to the ruling in *Union Pacific Ry. Co.* v. *Wyler,* introduced a new cause of action.

That the presence of interstate cars, in the train on which the decedent was killed, made it an interstate train, is admitted. Besides, principles declared in *St. L., San Francisco & Texas Ry. Co.* v *Seale,* cited, and *Pederson* v. *Del., Lack. & W. R. Co.,* 229 U. S. 146, affirm the proposition and put it beyond question. Although the decedent was on that train as an employee of the defendant, at the time of the explosion which caused his death, his employment in interstate commerce is denied, because he was only a student fireman and,

it is said, as such, had no control or management of the train, in any respect, was charged with no duty respecting it or the interstate cars and was probably ignorant of their presence in it. The amended declaration does not reveal the specific duties of a student fireman. It shows, however, that the decedent was an employee of the defendant on its train carrying, at the time, both intrastate and interstate cars. The designation of his rank, as a student fireman, does not imply lack of active duty for the company or service merely for himself as a student. The terms clearly imply practice in the form of service to his employer, as well as study by observation. His employment, his place on the pay-roll of the company, implies service. Such as he performed, whatever it may have been, was service to his employer on a train engaged in interstate commerce, and, therefore, service in interstate commerce.

In our opinion, the amended count of the declaration stated a new cause of action and the court should have refused leave to file it.

Enough has been said of the state of the evidence to show that the verdict could not stand on it, if the error noted could be regarded as harmless in the case of one based on sufficient evidence. Taken as a whole, it proves a case not pleaded in the original declaration, and, as the amended declaration must be struck out, for reasons stated, this evidence has no place in the case except to show lack of right of recovery in the plaintiff, upon the declaration he chose to file and to which he is now held by a firmly established rule of practice.

Other assignments of error need not be noticed, since practically all of them relate to matters and issues brought into the proceeding by the amended declaration. Elimination thereof completely alters the case and leaves it as it was when it was analyzed and defined for the purposes of a new trial, on the former writ of error.

The judgment will be reversed, the verdict set aside, the objection to the filing of the amended declaration sustained, that declaration struck from the record and the case remanded for a new trial.

*Reversed and remanded.*