# CHARLESTON.

LUKE SHAFFER v. WESTERN MARYLAND RAILWAY CO.

Submitted March 6, 1923.   Decided March 13, 1923.

1. ACTION—*Demands Against Same Party May be Joined in Same Declaration.   When of Same Nature and Same Judgment Sought, Although Pleas Different.*

   As a general rule, demands against the same party may be joined in the same declaration when they are all of the same nature and the same judgment has to be given on each, although the pleas to the several demands may be different. (p. 303).

2. SAME—*Trespass on Case for Personal Injuries by Employee of Railway Company May be Joined With Cause of Action Under Federal Employers' Liability Act and Common Law.*

   In an action of trespass on the case for personal injuries to an employee of a railway company, plaintiff may join in the same declaration counts stating a cause of action under the Federal Employers' Liability Act and counts stating a cause of action under the state or common law. (p. 303).

3. PLEADING—*Action Under Common Law for Personal Injuries May be Joined With one Under Federal Employers' Liability Act.*

   A declaration in such case is not subject to demurrer because of misjoinder of causes of action. (p. 305).

4. COMMERCE—*Employee Injured While Assisting in Rerailing of Derailed Car Blocking "Interstate Commerce" Held Within Federal Employers' Liability Act.*

   An inter-state railway company's employee, who was injured while assisting in re-railing a derailed car which was blocking the movement of cars in interstate commerce, was employed in interstate commerce within the meaning of the Federal Employers' Liability Act, Barnes' Federal Code, § 8069 et seq., giving a right of recovery against the carrier for injury to an employee while so employed, although his primary object may have been to replace the car on the railway tracks rather than to clear them for interstate traffic. (p. 308).

5. SAME—*Employee Held Engaged in "Interstate Commerce" While Returning Home.*

   Plaintiff was regularly employed by defendant, an interstate railway carrier, as car repairer in its shops   He was

directed to assist in replacing a car upon defendant's tracks at a point some miles from his home town and place of regular employment. After performing his work, on his return, while riding on a gasoline motor car provided by defendant to carry him back, the motor car ran into a board placed across the track and he was injured. Being employed in interstate commerce, within the meaning of the Federal Employers' Liability Act, while re-railing the car, he continued in that character of employment while returning to his home or regular place of employment, and if his injury was caused by defendant's negligence, the defendant is liable therefor under the federal act. (p. 308).

6. MASTER AND SERVANT—*Railroad Required to Furnish Reasonably Safe Track Over Which Employee Required to Pass; Duty Cannot be Assigned.*

An employer is required to afford his employee a reasonably safe place to work, and in case of a railroad, this obligation extends to the entire track over which the employee is required to pass in the discharge of his duties. Such obligation can not be assigned. (p. 309).

7. SAME—*Negligence for Railroad to Permit Merchant to Place Board Over Tracks for Wheeling Merchandise.*

It is negligence for a railroad company, at a point on its line in frequent use, to permit a merchant, for a number of years, temporarily to place over its tracks and about a foot above them a heavy board for his convenience in wheeling or rolling his freight across its tracks from its platform to his store on the opposite side. (p. 309).

Error to Circuit Court, Tucker County.

Action by Luke Shaffer against the Western Maryland Railway Company. From a judgment for plaintiff, defendant brings error.

*Affirmed.*

*E. A. Bowers* and *W. K. Pritt,* for plaintiff in error.
*J. W. & Wm. M. Harman,* for defendant in error.

MEREDITH, JUDGE;

Plaintiff, as an employee of defendant, recovered a judgment of $5000 for personal injuries received in service, and defendant assigns error.

There are three counts in the declaration. The first is based on defendant's common law liability for negligence.

The second is based on defendant's liability under the Federal Employers' Liability Act. The third, introduced by way of amendment, is an elaboration of the matters alleged in the second. Defendant's demurrer to the original declaration and each count was overruled and likewise its demurrer to the declaration and each count as amended.

Before taking up the assignments of error we will briefly state the facts. Defendant operates an interstate railway from Elkins, West Virginia, to Baltimore, Maryland, passing through various towns in this state, Thomas, Wilson, Dobbin, and Bayard. Near Bayard it crosses the north branch of the Potomac River in Maryland, but a short distance beyond that point it re-crosses the river into West Virginia. At Bayard, on the West Virginia side, a spur track, called the Buffalo Branch, extends a mile and a half or two miles to the mines of the Emmons Coal Company. It is used in carrying coal from the mine both in intrastate and interstate commerce. Defendant, according to the testimony of James Strachan, the coal company's superintendent, owns the spur track, though it appears that cars are received by the coal company from the railway at Bayard Siding and hauled up to the mine and back by the coal company's engine. On the day the accident occurred, a steel hopper was derailed on the spur track. Plaintiff, with Frank Cosner, and others, was directed to go by passenger train from Thomas, where he was employed by defendant, as a car-repairer, to re-rail the car. This they did, the work being completed about 11:30 in the morning. Just how long they were so engaged does not appear, but probably not more than three hours. The derailed car had been loaded with refuse from the mine and the refuse was being carried down to Bayard for use on its streets. Defendant had arranged for William Faulk, its section foreman, to meet plaintiff and his fellow-workmen, at Bayard, on completion of their work of replacing the car, so that he might carry them on a railway gasoline motor car back to Thomas. They boarded the motor and while passing through the village of Wilson at a rate of from fifteen to twenty miles per hour, the motor ran into a board extending across the track, and plaintiff was thrown off; a

250-pound jack, one of the tools they had been using, fell from the motor upon plaintiff, mashing and breaking his leg. There is no question as to the extent of his injuries. The board was about a foot wide, probably an inch and a half thick, fourteen feet long, and was in place about a foot above the track. It had been placed there by Shoemaker, a merchant, who wheeled his freight from the slag platform on the opposite side of the railroad over to his store. Defendant maintains a flag station at Wilson, but there is no station building there, either for freight or passengers. It is clearly shown that Shoemaker had for some years been in the habit of placing the board across the track for that purpose; the former owner of the store had done likewise. No one on the part of defendant appears to have raised any objection to this practice, though it was known to its section foreman. It does appear, however, that it was contrary to the defendant's rules issued to those higher up, but notice never got down to those in immediate charge. It also appears that Shoemaker sometimes handled freight for other parties in the same way, and that on one or more occasions another person had used the board for a like purpose. That it was a dangerous practice goes without saying.

As already stated, plaintiff declared on defendant's liability for negligence, both at common law and under the Federal Employers' Liability Act. Defendant's main reliance here is upon its demurrer to plaintiff's declaration for misjoinder of counts. No objection is urged to the counts taken separately, but it is strenuously argued that a count showing liability at common law and a count showing liability under the statute can not be joined in the same declaration. That the cause of action arising under the common law (or state statute in case of wrongful death) is wholly different, separate and distinct from the cause of action arising under the Federal Employers' Liability Act is quite clear and has been so stated by this court in *Findley* v. *Coal & Coke Ry. Co.*, 76 W. Va. 747, 87 S. E. 198. Counsel for defendant argue that we virtually held in that case that the two causes of action could not be declared on in separate counts in the same declaration, but we did not so hold, nor is anything stated

in the opinion from which such a conclusion can reasonably be drawn. That case was here twice. The first time, reported in 72 W. Va. 268, 78 S. E. 396, the writ of error was obtained by the plaintiff, because the trial court had erroneously directed a verdict for the defendant, and for errors committed on the trial. The declaration at that time was based on defendant's liability for decedent's wrongful death under our state statute. Defendant introduced no evidence on the first trial, but rested content on its motion to strike out plaintiff's evidence, and for a directed verdict. Its motion prevailed, hence its real defense was not disclosed. At the second trial, defendant pleaded that plaintiff's action was barred by the two-year statute of limitations, Barnes' Federal Code, §8074, and during the progress of the trial it showed that at the time decedent was killed he was employed by defendant in interstate commerce. Thereupon, over defendant's objection, plaintiff was permitted to amend his declaration so as to claim a right of recovery under the Federal Act. On writ of error here on behalf of defendant, 76 W. Va. 747, 87 S. E. 198, we held that this amendment introduced a new and different cause of action, struck out the amendment, and remanded the case for a new trial on the original declaration. This in fact amounted to a denial of any relief to plaintiff; but Judge Poffenbarger, who wrote the second opinion, was careful not to say that the two causes of action might not be declared on in separate counts. He did say, however, that if the original declaration declares on but one, for instance, the right under the state law, then the other may not be introduced by way of amendment after appearance by the defendant, and over defendant's objection. The case goes that far, but no farther.

Two cases in this court growing out of the same accident clearly illustrate the importance of the question under discussion. In 1912 Jones and Easter, railroad employees who were returning to their homes from a trip in interstate commerce, while crossing the railroad yards at Bluefield were run down by a backing engine. Jones was killed and Easter was injured. Jones's administrator sued the railroad company, alleged liability under the state statutes and recovered judgment. This court reversed the judgment because of

decedent's contributory negligence, and lack of proof of negligence on the part of defendant. *Jones* v. *Virginian Ry. Co.,* 74 W. Va. 666, 83 S. E. 54. Easter also sued, basing his right of recovery in his first and second counts upon defendant's common law liability for negligence, but in his third count basing it on its liability under the Federal statute. This court sustained a judgment in his favor, *Easter* v. *Virginian Ry. Co.,* 76 W. Va. 383, 86 S. E. 37. In that case it was strenuously argued that defendant's demurrer to plaintiff's declaration should have been sustained. From an examination of the record, we also find that defendant's liability under the Federal Act was inserted by way of amendment in that case, after defendant's appearance, but no objection thereto was made. This court held the declaration good, though two separate and distinct causes of action, one under the common law, the other under the Federal act, were declared on in separate counts; however, it is but fair to say that no question of misjoinder appears to have been raised. At least, no such question appears in the record or in the elaborate briefs of defendant's counsel. So far as we have been able to discover, the present case is the first instance in which the question has been fairly raised in this court.

As Congress has no power to prescribe rules of procedure or methods of trial to be followed in state courts, and as the Federal act does not deal with questions of practice or procedure, but merely fixes the rights of the parties, the state courts in the trial of actions under the Federal Act may follow their own procedure, so long as the substantive rights of the parties are not lessened or destroyed thereby. Hence, questions relating to the admission of evidence are controlled by the local courts. *Chesapeake & Ohio Ry. Co.* v. *Kelly,* 241 U. S. 485, 36 Sup. Ct. Rep. 630; and so as to the sufficiency of the pleadings, *Louisville & Nashville R. R. Co.* v. *Stewart,* 156 Ky. 550, 161 S. W. 557, affirmed in 241 U. S. 261, 36 Sup. Ct. Rep. 586. As to other matters of procedure, see *Brinkmeier* v. *Missouri Pacific Ry. Co.,* 224 U. S. 268, 56 Law Ed. 758; *Kansas, etc. R. Co.* v. *McAdow,* 240 U. S. 51, 36 Sup. Ct. Rep. 252; *Chesapeake & Ohio Ry. Co.* v. *De Atley,* 241 U. S. 310, 36 Sup. Ct. Rep. 564. The question then

whether a cause of action arising under the common or statute law of this state and a cause of action arising under the Federal Act may be declared on in separate counts of the same declaration is to be tested by the law of this state governing our system of pleading and practice. Under our practice, where a plaintiff has several distinct causes of action, he is allowed to pursue them cumulatively in the same suit, subject to certain rules which the law prescribes as to joining such demands only as are of similar quality or character. He may join a claim of debt on a bond with a claim of debt on simple contract or any number of such claims, in the same suit, and whether they grew out of the same or different transactions. "This general rule is that demands against the same party may be joined when they are all of the same nature and the same judgment has to be given in each, although the pleas may be different." Burks, Pleading & Practice (2d. ed.) §473, *Bowman* v. *First Nat'l Bank,* 115 Va. 463, 80 S. E. 95. Several actions of tort may be joined in the same action of trespass. Burks, Pl. & Pr. (2d. ed.) page 916. But counts for tort can not be joined with counts upon contract. *Wells* v. *Kanawha, etc. Ry. Co.,* 78 W. Va. 762, 90 S. E. 337. These general principles are so well known that further citation is unnecessary. There is not in this case such an inherent difference between the cause of action arising under the common or state law and the cause of action arising under the Federal statute as will prevent their joinder in the same declaration. Whether the cause arises under the one or the other, it is based on the defendant's negligence. It can not arise under both. If it be under the Federal Act that act is exclusive. But it is frequently impossible in advance of trial, in such cases, to determine whether the injured employee was engaged in intra-state or inter-state commerce at the time of the injury. As was said in *Halley's Admr.* v. *Ohio Valley Elec. Ry. Co.,* 92 W. Va. 172, 114 S. E. 572: "In such cases it is nearly always difficult to mark out the dividing line between intra-state and inter-state commerce, and to tell where a given service in the one leaves off or the other begins. There is what has been aptly termed a 'twilight zone'—a sort of no man's land—where the careless pleader, by failing to allege liability both at

common law and under the Federal Act in separate counts, meets with many pitfalls. These troublesome questions could be avoided by careful pleading.'' The reports are full of instances; the cases of Jones, Easter and Findley heretofore referred to are fair examples. The administrator of Jones was deprived of his right of recovery because by mistake he assumed that the injury was incurred in intra-state commerce, while Easter, injured at the same time and place, by the same engine and by the same negligent act of defendant, correctly pursued his remedy under the Federal Act, and, to avoid any mistake, also under the state law, and recovered under the former. The great weight of authority, both in the Code and Common Law states, is to the effect that counts stating a cause of action under Federal Act may be joined with counts stating a cause of action under the state or common law. *Bouchard* v. *Cent. Ry. of Vermont*, 87 Vt. 399, 89 Atl. 475; *Ex parte Atl. Coast Line Ry. Co.*, 190 Ala. 132, 67 So. 256; *Pelton* v. *Illinois Cent. Ry. Co.*, 171 Ia. 91, 150 N. W. 236; *Wabash Ry. Co.* v. *Hayes*, 234 U. S. 86; *Osborne* v. *Gray*, 241 U. S. 16, 60 Law Ed. 865; *Vandalia R. R. Co.* v. *Stringer*, 182 Ind. 676, 106 N. E. 865, 107 N. E. 673; *Koennecke* v. *Seaboard Air Line R. R. Co.*, 101 S. C. 86, 85 S. E. 374; Richey, Federal Employers' Liability (2d. ed.) §136; 5 Elliott, Railroads, (3d. ed.) §2835. To permit this, cheapens and greatly shortens litigation, frequently prevents injustice to the plaintiff, and in no sense deprives the defendant of any just right of defense. It is entirely consistent with our system of pleading and practice and therefore we are of opinion that the three counts in plaintiff's declaration were properly joined and the demurrer was properly overruled. There was no misjoinder of causes of action.

However, as under some circumstances the beneficiaries of the recovery in case of wrongful death in actions brought under the Federal Employers' Liability Act may not be the same as the beneficiaries of the recovery, if the action be brought under our state statute, sec. 6, chapter 103, Code, we do not decide that in all cases for wrongful death causes of action showing liability under both statutes may be joined in the same declaration. In some instances it may be done,

but it may be that there are some in which it can not be done; and as the question only incidentally arises in the discussion of the principles involved in this case we expressly reserve such matters for future consideration when they are fairly presented.

. Counsel for defendant seems to claim here, though not with much emphasis, that the facts proved show plaintiff was, at the time of his injury, employed in intra-state commerce, and therefore complaint is made of plaintiff's instruction No. 8 because it relates to inter-state commerce.

That instruction correctly states the law; so if there is evidence to support it, giving it was not error. We find that there is such evidence. This case is very like the case of *Puckett* v. *Southern Ry. Co.*, 244 U. S. 571. Plaintiff there was engaged in inspecting cars which had been put in an interstate train; he had inspected about twenty-five, and while waiting for twelve others to be placed in the train, a collision occurred between other cars of defendant, and several tracks of defendant in the railway yards nearby became blocked by the wreckage. One of the defendant's employes, O'Berry, was caught and pinned beneath a car. Obeying the printed rules of the company, Puckett went to O'Berry's assistance. He was there instructed by a superior to go and get a ''jack'' to assist in raising the car so as to extricate O'Berry and clear the tracks of the wreckage. While carrying some blocks for this purpose, plaintiff stumbled over some large clinkers on the roadway near the track and was seriously injured. The court held that while his primary object may have been to rescue O'Berry, yet his act was the first step in clearing the tracks; that his work facilitated interstate transportation and consequently he was when injured engaged in interstate commerce. And so here; while plaintiff's primary object may have been to re-place the car upon the spur track, yet the jury might reasonably find that the object of clearing the track of the derailed car entered inseparably into the purpose of replacing it in proper position on the track and thereby gave to his work the character of interstate commerce. In the Puckett case the court attached no significance to the fact that he had been inspecting inter-state cars before he was called aside to help raise

the car; and likewise, we do not in any wise consider here the fact that wreck-master D. E. Shaffer had in charge the clearing of wrecks between points interstate, nor the fact that plaintiff's usual work was to repair cars at the Thomas shops. The character of the work being done at the time the injury occurred determined whether he was injured in inter-state commerce.    He was engaged in inter-state commerce when he was replacing the car on the spur track, that track being used in such commerce, and that character was stamped upon his employment not only when he was actually so engaged, but continued so until he could within a reasonable time, with the facilities afford, return to Thomas where his permanent place of employment was and where his home was located. *Simpson* v. *Coal Co.*, 79 W. Va. 365, 91 S. E. 1085; *Mott* v. *Davis, Director General*, 90 W. Va. 613, 111 S. E. 603.

Defendant was required to afford him a reasonably safe place to work.    "Such a reasonably safe place to work has been extended, with respect to railroads, to the entire track over which the servant is required to pass in discharge of his duties." *Newhouse* v. *K. & M. R. R. Co.*, 62 W. Va. 562, 59 S. E. 1071. This duty can not be assigned. We have already stated that Shoemaker's practice of placing the board across the tracks for the purpose of his convenience in wheeling or rolling his freight from the platform across the tracks to his store on the opposite side had continued for some years. Defendant could not absolve itself of its duty to keep the track clear where plaintiff was injured by showing that Shoe-maker, who placed the board across the track, was not in its employment.    It had knowledge of his custom and it was clearly an act of negligence to permit the practice to con-tinue over a course of years.    "Where an injury to a servant is proximately caused in part by an act or omission for which the master is responsible, and in part by one for which he is not responsible, the master is liable for all the damage, in conformity to the general rule as to several contributory wrong-doers."    1 Shearman, & Redfield, Negligence, §186. It follows that the giving of plaintiff's instruction No. 5 was proper.

Complaint is made of plaintiff's instruction No. 10. The first sentence reads as follows:    "The court instructs the

jury that it is the duty of a railroad company not only to furnish a well constructed and safe railway and track for the use of its employees, but it must also exercise continual supervision over the same and keep them in good and safe repair and condition.'' It is contended that the word ''reasonably'' should have been inserted before the word ''good''; that the instruction in effect makes defendant an insurer. While the instruction would have been better, if so amended, yet when the whole instruction is considered, we do not think the jury was misled by it. The evidence clearly shows that defendant did not keep its track in reasonably safe condition, and that that was the proximate cause of the injury. There was really no conflict in the evidence on that point. The giving of this instruction, if it be erroneous, was not such an error as would justify us in reversing the judgment. We think the court could say as a matter of law that the evidence showed defendant guilty of negligence.

For the foregoing reasons, the judgment is affirmed.

*Affirmed.*